Official Form 416D (12/15)

# Form 416D  Caption for Use in Adversary Proceeding

FILED
2021 OCT -4  PM 3: 03

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

# United States Bankruptcy Court

_____ District Of Delaware _____

In re  Boy Scouts of America and Delaware BSA, LLC.
_____ ,

**Debtor**  Lonnie Washburn
_____ ,

**Plaintiff**
Tort Claimant's Committee, Creditor's Committee, Future Claimant's Representative, Boy Scouts of America, The Coalition
_____ ,

**Defendant**

Case No. 20-10343 (LSS)

Chapter 11

Adv. Proc. No. _____

## COMPLAINT [or other designation]

[If in a Notice of Appeal and Statement of Election (see Form 417A) or other notice filed and served by the debtor, the caption must be altered to include the debtor's address and Employer's Tax Identification Numbers(s) or last four digits of Social Security Number(s) as in Form 416A]

Lonnie Washburn
ATTORNEY PRO SE
3098 South Highland Dr. STE 101
Salt Lake City, UT 84106
Tel.: (801) 548-6884
collinlongshanks@gmail.com

Lonnie Washburn, a claim holder in the above captioned case respectfully filed this claim as an advesarial proceeding.

Pursuant to Chapter VII of the US Bankruptcy code, Plaintiff, Lonnie Washburn, a claim holder in the above captioned case files this claim in accordance with oFederal Rules of Civil Procedur, Delaware Code, and Federal Bankruptcy Code.

Plaintiff states cause of Action: Civil Conspiracy under Delaware law, and Gross Negligence, Willful Misconduct, and Breach of Fiduciary Duties, and Negligence. (Tort)

1) Plaintiff Alleges the following:

The defendants entered into an agreement (RSA), which functions as a Civil Conspiracy.

2) Rhe defendants breached their fiduciary duties through their acts and omissions performed and not performed through their participation in the RSA.

3). Plaintiff was left with inadequate representation as a result of the defendants actions and inactions associated with their concerted efforts.

4) Plaintiff was deprived of Due Process including, but not limited to The Channeling Agreement and lack of adequate representation pertaining thereto.

5) Plaintiff suffered increased expenses, loss of claim differential, as well as emotional anguish inflicted by these acts and ommissions.

6) Goven the severity of the consequences, Plaintiff Prays the Court for relief of full claim value of $4.5M, Legal Consumtation fees of $500, Clerical fees of $125, Emotional Anguish damages of $100,000, and Punitive damages of $1M

Dated this 29th day of September 2021.

_____
Lonnie Washburn
ATTORNEY PRO SE
3098 South Highland Dr. STE 101
Salt Lake City, UT 84106
Tel.: (801) 548-6884
collinlongshanks@gmail.com

## Lonnie Washburn's Declaration in support of Plaintiff's Claim

Plaintiff, Lonnie Washburn, declares the following:

1). The TCC has a fiduciary duty to represent the best interests of the creditors.

2) The Creditors Committee has a fiduciary duty to protect the interests snd claims of the creditors.

3). The Debtor has a fiduciary duty to both the company as well as the claimants to maximize rhe estate and not waste funds.

4) The TCC was a signatory of the RSA agreement.

5) The Creditors Committee was not a signatory, but did support the RSA.

6) The Debtor sought permission to join the RSA.

7) While the RSA was dissolved on August 21, 2021, the participants continue to adhere to its tennants.

8) The RSA has certain negative covenants among its

participants including "settlement of any abuse claims against the debtor" or "associating with any co-counsel with respect to the representation of any holder of a Direct Abuse Claim unless such co-counsel agrees to become, and in fact becomes, a joining party to the RSA".

9) The Debtors motivated by animosity towards Abuse Victims refused Plaintiff's negotiation attempt, which would have settle a claim less than the claims value.

10) The Debtors, and TCC , and Future Claimants Representative have made a concerted effort to settle as many non-abuse litigation claims as possible prior to plan confirmation, as required by the RSA, including withdrawals of objection, and supporting settlements and motions they previously opposed.

11) Debtors have refused to negotiate with Abuse victims, yet have negotiated with all other creditors, including indirect abuse victims (a lower class), resulting in unfair discrimination against Plaintiff.

12) Debtors refusal to negotiate or settle based on the claimants having been sexually abused is unlawful discrimination; and has resulted in emotional harm, additional expenses to the Plaintiff.

13). The Unwillingness of RSA signatories and supporters to associate with counsel for abuse victims demonstrates the animosity toward Direct Abuse Victims, and has deprived the Plaintiff of fair and equal treatment under the law.

14) The TCC and Creditor Committee's participation in and support of the RSA, and patently unfair plan (as they now acknowledge) demonstrates the inadequacy of

representation of the creditor in this case, resulting in the Plaintiff being deprived of Due Process rights, including but not limited to pertaining to the Channeling Injunction.

Under penalty of perjury, I swear the foregoing to be true and correct to the best of my knowledge.

Dated this 29th day of September 2021

*[signature]*

Lonnie Washburn
ATTORNEY PRO SE
3098 South Highland Dr. STE 101
Salt Lake City, UT 84106
Tel.: (801) 548-6884
collinlongshanks@gmail.com