Form 170 In Forma Pauperis Petition and Memorandum of Law in Support1 IN FORMA PAUPERIS MOTION AND CERTIFICATION

[Caption: Official Form 416A or 416D]2

Motion for Leave to Proceed In Forma Pauperis

Petitioner moves this Court, for an Order permitting him to file this Advesarial Complaint in forma pauperis. without the prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915, because he is unable to pay such fees and costs or give security therefor, as is shown by the attached certification.

Date:

Attorney Pro Se

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-10343 (LSS) <br><br> (Jointly Administered) |

Certification in Support of Motion to Proceed In Forma Pauperis

Movant hereby certifies that:

1. He has raised substantial concerns about the actions of both committees as well as the debtors in the captioned bankruptcy proceeding., and he believes he is entitled to the relief sought.

2. He is the plaintiff in the advesarial proceeding.

3. He has no substantial assets which could be liquidated to pay the filing fee herein.

4. He is currently unemployed. 5. Because of his poverty, he is unable to pay the costs of this action or to give security therefor.

WHEREFORE, Petitioner prays that she may have leave to proceed with this Motion without being required to prepay costs or fees or give security therefor.

I hereby certify that the foregoing is true and correct under penalty of perjury

Dated this 29th day of September 2021

_(signature)_

Lonnie Washburn
ATTORNEY PRO SE
3098 South Highland Dr. STE 101
Salt Lake City, UT 84106
Tel.: (801) 548-6884
collinlongshanks@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |

Memorandum in Support of Motion of Movant for Leave to Proceed In Forma Pauperis4

I. Indigents May Proceed in Bankruptcy Court In Forma Pauperis Under 28 U.S.C. § 1915

A. 28 U.S.C. § 1915 applies to proceedings in Bankruptcy Court.

28 U.S.C. § 1915(a)(1) permits "Any court of the United States" to:

authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Courts have regularly held that 28 U.S.C. § 1915 applies to fees for proceedings in bankruptcy court other than filing fees for the bankruptcy petition itself. Thus in In re Shumate, 91 B.R. 23 (Bankr. W.D. Va. 1988), in which a debtor sought leave to appeal a court order in forma pauperis, the court held that a bankruptcy court was a "court of the United States" for the purposes of 28 U.S.C. § 1915. The court held further that the limitation of 28 U.S.C. § 1930(a), requiring payment notwithstanding, section 1915, applies only, as the statutory language sets out, to "parties commencing a case."

The court in Shumate followed similar holdings in In re Moore, 86 B.R. 249 (W.D. Okla. 1988) (leave to appeal); In re Palestino, 4 B.R. 721 (Bankr. M.D. Fla. 1980) (leave to initiate adversary proceeding); In re Sarah Allen Home, Inc., 4 B.R. 724 (Bankr. E.D. Pa. 1980) (same). Other courts have reached the same conclusion. See, e.g., In re Melendez, 153 B.R. 386 (Bankr. D. Conn. 1993) (court has power to waive fees); In re McGinnis, 155 B.R. 294 (Bankr. D. N.H. 1993) (same); In re Jackson, 86 B.R. 251 (Bankr. N.D. Fla. 1988) (appeal in forma pauperis permitted); In re Weakland, 4 B.R. 115 (Bankr. D. Del. 1980) (fee in adversary proceeding; section 1930(a) limitation on section 1915 applies only to filing fees).

Most of the few cases denying a right to proceed in forma pauperis have been cases on which clear independent grounds for denial existed. For example, in In re Broady, 96 B.R. 221 (Bankr. W.D. Mo. 1988) the court found the appellant was not indigent and that her appeal was "plainly frivolous." Cf. In re Odessa Mfg. Corp., 97 B.R. 1000 (Bankr. W.D. Mo. 1989) (no showing of indigency of appellant); In re Ghermann, 105 B.R. 712 (Bankr. S.D. Fla. 1989) (fees requested to be waived not subject to section 1915). But see In re Perroton, 958 F.2d 889 (9th Cir. 1992) (bankruptcy court lacks power to grant in forma pauperis motion).

B. The limitations of 28 U.S.C. § 1930(a) apply only to fees for commencing a case.

While 28 U.S.C. § 1930(a) expressly makes the in forma pauperis statute, 28 U.S.C. § 1915, inapplicable to the initial petition filing fees, and 28 U.S.C. § 1930(f) establishes a separate procedure for a waiver of the initial petition filing fees, the sections dealing with other fees contain no such proviso. Thus, 28 U.S.C. § 1930 does not prohibit other bankruptcy proceedings to be in forma pauperis. In re Shumate, 91 B.R. 23 (Bankr. W.D. Va. 1988); In re Weakland, 4 B.R. 115 (Bankr. D. Del. 1980). Other parts of the Bankruptcy Reform Act of 1978 which enacted 28 U.S.C. section 1930 and the legislative history of the Act show that the section 1930(a) limitation on in forma pauperis actions is not intended to go beyond the fee for commencing a case. 28 U.S.C. § 773(c) dealing with appeals from the bankruptcy court expressly contemplates appeals in forma pauperis. The House Report on the 1978 Act specifically included, as a subject as to which procedural rules would have to be drafted, "provisions for in forma pauperis proceedings." H.R. Rep. No. 95-595, at 307 (1977).

Finally, the current version of 28 U.S.C. § 1915(a)(1), amended by the Prison Litigation Reform Act of 1996 (PLRA), refers to "assets such prisoner possesses." Courts agree that this is a typographical error; the word "prisoner" should be "person." See Floyd v. U.S. Postal Service, 105 F.3d 274, 275 (6th Cir. 1997) (superseded on other grounds) (concluding that the term "prisoner possesses" was erroneously substituted for "person possesses"). See also Haynes v. Scott,

116 F.3d 137, 139–140 (5th Cir. 1997) (concluding that section 1915(a)(1) applies both to prisoners and non- prisoners); Leonard v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996) (indicating that "prisoner possesses" is an error by use of the phrase "sic"); Martinez v. Kristi Kleaners, 364 F.3d 1305, 1306 (11th Cir. 2004) (acknowledging that individuals not incarcerated may proceed in forma pauperis). In summary, courts have noted that revisions to 28 U.S.C. § 1915 under PLRA do not preclude in forma pauperis proceedings by non-prisoners.

II. Movant is Unable to Afford the Fee But Must Have the Right to pursue damages.

The very fairness and balance of t he bankruptcy process depends greatly on the trustees, Debtor in Possession, and creditor committees fulfilling their fiduciary duties. When those duties are not upheld, the checks and balances of the bankruptcy code are no longer fair to the unsecured creditors. The Moveant seeks to correct the damages cause due to these breaches of duty.

The Movants ability to get a fair settlement depends on his ability to correct the errors caused by the breaches of fiduciary obligations that occurred; therefore he prays the court to grant this motion for leave to proceed in forma pauperis.

Dated this 29th day of September 2021

*[signature]*

Lonnie Washburn
ATTORNEY PRO SE
3098 South Highland Dr. STE 101
Salt Lake City, UT 84106
Tel.: (801) 548-6884
collinlongshanks@gmail.com

Official Form 416D (12/15)

# Form 416D  Caption for Use in Adversary Proceeding



FILED
2021 OCT 14  PM 3: 03
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

## United States Bankruptcy Court

_____ District Of _____

In re _____ ,    Case No. _____

Debtor

_____ ,    Chapter _____

Plaintiff

_____ ,    Adv. Proc. No. _____

Defendant

### COMPLAINT [or other designation]

[If in a Notice of Appeal and Statement of Election (see Form 417A) or other notice filed and served by the debtor, the caption must be altered to include the debtor's address and Employer's Tax Identification Numbers(s) or last four digits of Social Security Number(s) as in Form 416A]