IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |
| LONNIE WASHBURN<br>                    Plaintiff,<br>v.<br><br>TORT CLAIMANT'S COMMITTEE *et al.*<br>                    Defendants. | Adv. No. 21-51177 (LSS) |

**MOTION OF THE OFFICIAL COMMITTEE OF
TORT CLAIMANTS TO DISMISS FIRST AMENDED COMPLAINT**

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to the above-captioned adversary proceeding (the "Adversary Proceeding") by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Official Committee of Tort Claimants (the "TCC") to Boy Scouts of America and Delaware BSA, LLC (the "Debtors"), submits this motion to dismiss (this "Motion") the first amended complaint (the "First Amended Complaint") filed by Lonnie Washburn ("Plaintiff"). In support thereof, the TCC respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**INTRODUCTION AND SUMMARY OF FACTS**

1.  The First Amended Complaint should be dismissed. Plaintiff neither pleads a cognizable legal theory of recovery nor sufficient facts to support any such theory. Rather, the First Amended Complaint relies on conclusory statements (which, as to the TCC, are not true) to support supposed causes of action that Plaintiff may or may not plead against the TCC.

2.  On February 18, 2020 (the "Petition Date"), the Boy Scouts of America and Delaware BSA, LLC (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court (the "Bankruptcy Court"), commencing the above-captioned bankruptcy cases (the "Cases").

3.  On March 5, 2020, the United States Trustee appointed the TCC.[2]

4.  On October 4, 2021, the Plaintiff filed a complaint [Adv. Docket No. 1] (the "Complaint") against, among other parties, the TCC. The TCC, through its counsel, was served with the Summons on January 6, 2022. On January 25, 2022, Plaintiff filed the First Amended Complaint.[3]

**ARGUMENT**[4]

**B.    Legal Standard for Dismissal**

5.  A motion under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *McCurdy v. Wedgewood Capital Mgmt. Co.*, 1999 U.S. Dist. LEXIS 8417, at *11 n.6

---

[2] *See* Docket No. 142.

[3] The First Amended Complaint was attached to a summons [Adv. Docket No. 5], but was not separately filed on the docket.

[4] For the avoidance of doubt, the TCC reserves all rights to supplement this Motion in all respects.

(E.D. Pa. May 27, 1999) (citing *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  A court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

6.  Thus, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570, 557).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (quoting *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'"  *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

7.  When determining whether dismissal is appropriate, the Court conducts a two-part analysis.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  First, the factual and legal elements of a claim are separated.  *Id*.  The Court must accept all of the First Amended Complaint's well-pleaded facts as true, but may disregard any legal conclusions.  *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the First Amended Complaint are sufficient to show that Plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the First Amended Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.*

8.  Here, none of the claims for relief asserted in the First Amended Complaint survive the *Twombly/Iqbal* standard and, therefore, the First Amended Complaint must be dismissed.[5]

**C.   The First Amended Complaint Must Be Dismissed Pursuant to Federal Rule 12(b)(6)**

9.  In the First Amended Complaint, the Plaintiff relies solely on categorical statements,[6] bald assertions,[7] and *ipso facto* legal conclusions.[8] Even under the most liberal interpretation of Federal Rule 12(b)(6), the First Amended Complaint must be dismissed as lacking well-pleaded facts. *See, e.g., Talley v. Wetzel,* 15 F.4th 275, 287 (3d Cir. 2021) ("While we are required to accept the allegations in [a] complaint as true, we are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual

---

[5] The Plaintiff is a *pro se* litigant and *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, *pro se* claimants are not excused from compliance with the Federal Rules or Bankruptcy Rules. *See Grubbs v. Univ. of Del. Police Dep't*, 174 F.Supp.3d 839, 852 (D. Del. 2016) ("a *pro se* litigant 'is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds *pro se*.'") (quoting *Thakar v. Tan*, 372 Fed. Appx. 325, 328 (3d Cir. 2010)); *see also Maxberry v. Sally Mae Educ. Loans*, 532 Fed. Appx. 73, 75 (3d Cir. 2013). "Even a *pro se* complaint must state a plausible claim for relief." *Badger v. City of Phila. Office of Prop. Assessment*, 563 Fed.Appx. 152, 154 (3d Cir. 2014) (internal citation omitted).

[6] *E.g.* "As a result of their participation in the RSA, the Defendants's [sic] actions and inactions breached their Fiduciary Duties to the Plaintiff . . ." *First Amended Complaint*, at ¶ 3.

[7] *E.g.* "Defendant's [sic] were Grossly Negligent to the point of Willful Misconduct when they entered into a pact that refused to settle even a single sex abuse claim, and even associate with any lawyer who represents a sex abuse victim, unless that lawyer joined their pact." *First Amended Complaint* at ¶ 4.

[8] *E.g.* "The Defendants did knowingly, and willingly enter into a civil conspiracy." *First Amended Complaint*, at ¶ 2.

4

allegation.") (internal quotations omitted); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) ("a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss") (internal quotations omitted); *see also Morgan v. Graco Children's Prods., Inc.,* 184 F. Supp. 2d 464, 465-66 (D. Md. 2002) ("The court need not, however, accept unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events.") (internal citations omitted).[9] Accordingly, the First Amended Complaint should be dismissed for lack of well-pleaded facts to support any possible claim or cause of action against the TCC.

10. Even if the Court were to accept the "facts" in the First Amended Complaint as well-pleaded and true, Plaintiff does not show a plausible claim for relief. Plaintiff appears to assert three causes of action in the First Amended Complaint, though it is not clear whether all such causes of action are asserted against the TCC—(a) civil conspiracy; (b) breach of fiduciary duty; and (c) unfair discrimination. *First Amended Complaint*, at ¶ 1. First, to the TCC's knowledge, there is no cognizable cause of action under either state or federal law for "unfair discrimination" and, thus, it must be dismissed. *See, e.g., N.V.E. v. Palmeroni*, 2015 U.S. Dist. LEXIS 192712, at *33 (D. N.J. Feb. 23, 2015) (dismissing a "broad and overly vague cause of action" not recognized by state law).

11. As to the remaining two counts, Plaintiff fails to state a claim:

    a. <u>Breach of fiduciary duty</u>. "A claim for breach of fiduciary duty requires proof of two elements: (1) that a fiduciary duty existed and (2) that the defendant breached that duty." *Beard Research, Inc. v. Kates*, 8 A.3d 573,

---

[9] To the extent that the Plaintiff makes any cognizable "factual" assertions with respect to the TCC, such assertions are belied by the uncontroverted record in the bankruptcy cases.

601 (Del. Ch. 2010). As a general matter, any fiduciary duty the TCC has runs "to the unsecured creditors as a whole, not to the individual members." *In re Kensington Int'l, Ltd.*, 368 F.3d 289, 315 (3d Cir. 2004) (citing *In re Drexel Burnham Lambert Group*, 138 B.R. 717, 722 (Bankr. S.D.N.Y. 1992)). Accordingly, Plaintiff fails to state a claim for breach of a fiduciary duty owed to him.[10]

b. <u>Civil conspiracy</u>. Under Delaware law, Plaintiff must prove: "(1) A confederation or combination of two or more persons; (2) An unlawful act done in furtherance of the conspiracy; and (3) Actual damage." *Nicolet, Inc. v. Nutt*, 525 A.2d 146, 149-50 (Del. 1987). To state a claim for civil conspiracy, "a plaintiff must allege a valid underlying claim." *Miller v. Nelson* (*In re Art Inst. of Phila. LLC*), 2022 Bankr LEXIS 68, at *42 (Bankr. D. Del. Jan. 12, 2022) (citing *Kuroda v. SPJS Holdings, LLC*, 971 A.2d 872, 892 (Del. Ch. 2009)). Among other fatal deficiencies, the First Amended Complaint alleges no "unlawful act" and therefore must be dismissed.[11]

---

[10] For the avoidance of doubt, the alleged "factual" bases in the First Amended Complaint in support of the TCC's alleged breach of fiduciary duty are demonstrably false. For instance, the TCC is not a participant in the now-defunct RSA (*First Amended Complaint* at ¶ 3) and, indeed, is vigorously opposing confirmation of the Debtors' Plan. The TCC wholeheartedly disagrees with any allegation that it has breached any duty owed to survivors.

[11] Plaintiff appears to allege that the TCC violated 18 U.S.C. § 155 (*First Amended Complaint* at ¶ 5), a criminal statute that proscribes "any knowing and fraudulent agreement for the fixing of fees in a bankruptcy case payable from the assets of the estate." *In re MJM Mgmt., LLC*, 2014 Bankr. LEXIS 2118, at *7 (Bankr. C.D. Cal. May 12, 2014). First, Plaintiff does not make a single factual assertion as to how the TCC allegedly violated this statute (nor could he, as the members of the TCC are uncompensated volunteers and the TCC's professionals' retention and compensation are entirely subject to Court approval). Moreover, 18 U.S.C. § 155 does not create a private right of action. *Harris v. Ben-Ezra & Katz, P.A.* (*In re Harris*), 458 B.R. 591, 596 (Bankr. N.D. Fla. 2011). Therefore, the criminal statute cannot form the basis of a cause of action for civil conspiracy. *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 193 F.3d 781, 789 – 790 (3d Cir. 1999).

6

**D.     Reservation of Rights**

12.     The TCC reserves all rights to amend and/or supplement this Motion, including, but not limited to, with respect to the TCC's qualified immunity.[12]

## LOCAL RULE 7012-1 STATEMENT

Pursuant to Rule 7012-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware, the TCC hereby consents to the entry of a final order or judgment by this Court in this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

*[Remainder of page intentionally left blank]*

---

[12] *See generally Official Comm. of Unsecured Creds. v. Bock* (*In re Walnut Equip. Leasing Co.*), 2000 Bankr. LEXIS 1109, at *9 (Bankr. E.D. Pa. Sep. 22, 2000).

WHEREFORE, for all the reasons set forth herein, the TCC respectfully requests that the Court enter an order, substantially in the form attached hereto, (a) granting the Motion, (b) dismissing the First Amended Complaint with prejudice, and (c) granting the TCC such other and further relief as the Court deems just and appropriate.

| | |
|---|---|
| Dated: January 26, 2022<br>Wilmington, Delaware | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ James E. O'Neill*<br>Richard M. Pachulski (CA Bar No. 90073) (admitted pro hac vice)<br>Alan J. Kornfeld (CA Bar No. 130063) (admitted pro hac vice)<br>Debra I. Grassgreen (CA Bar No. 169978) (admitted pro hac vice)<br>James E. O'Neill (DE Bar No. 4042)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Tele/Fax: (302) 652-4100 / (302) 652-4400<br>Email: rpachulski@pszjlaw.com<br>         akornfeld@pszjlaw.com<br>         dgrassgreen@pszjlaw.com<br>         joneill@pszjlaw.com<br><br>*Counsel for Defendant Official Tort Claimants' Committee* |