**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC[1] | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

| | |
|---|---|
| Lonnie Washburn, | Adv. Proc. No. 21-51177 (LSS) |
| Plaintiff, | |
| v. | |
| Boy Scouts of America, Delaware BSA, LLC, Future Claimants' Representative; The Coalition; Tort Claims Committee, Creditor's Committee, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE FUTURE CLAIMANTS'
REPRESENTATIVE'S MOTION TO DISMISS AMENDED
COMPLAINT FOR FAILURE TO STATE A CLAIM**

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
1000 North King Street
Wilmington, DE 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253
Email: rbrady@ycst.com
          eharron@ycst.com

GILBERT LLP
Kami E. Quinn (admitted pro hac vice)
Emily Grim (admitted pro hac vice)
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Telephone: (202) 772-2336
Facsimile: (202) 772-2337
Email:  quinnk@gilbertlegal.com
          grime@gilbertlegal.com

*Counsel to the Future Claimants' Representative*

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 1

ARGUMENT ....................................................................................................................... 3

**A.**  Legal Standard .......................................................................................................... 3

**B.**  Plaintiff has Provided No Factual Support for the Allegations in the Amended Complaint.. 3

**C.**  Even if the Amended Complaint was Adequately Pled, Plaintiff has not Established a Claim for Relief. ............................................................................................................................. 4

CONCLUSION ................................................................................................................... 5

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Gen. Life Ins. v. Goldstein*,
    741 F. Supp. 2d 604 (D. Del. 2010) ........................................................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 (2009) ........................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 557 (2007) ........................................................................................3

*Connelly v. Lane Construction Corp.*,
    809 F.3d 780 ..........................................................................................................3

*Duncan v. Vantage Corp.*,
    2019 WL 1349497 (D. Del. Mar. 26, 2019) ...........................................................4

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ...................................................................................3

*Hudson v. Old Guard Ins. Co.*,
    3 A.3d 246, 250 (Del. 2010) ...................................................................................4

*In re Midway Games Inc.*,
    428 B.R. 303 (Bankr. D. Del. 2010) .......................................................................3

*Morse v. Lower Merion Sch. Dist.*,
    132 F.3d 902 (3d Cir. 1997) ...................................................................................4

*Nicolet, Inc. v. Nutt*,
    525 A.2d 146, 149–50 (Del.1987) ..........................................................................4

*Talley v. Wetzel*,
    15 F.4th 275 (3d Cir. 2021) ....................................................................................3

*In re USDigital, Inc.*,
    443 B.R. 22 (Bankr. D. Del. 2011) .........................................................................3

*Waye v. First Citizen's Nat. Bank*,
    846 F. Supp. 310 (M.D. Pa.) ..................................................................................4

*Waye v. First Citizens Nat. Bank*,
    31 F.3d 1175 (3d Cir. 1994) ...................................................................................4

29029572.4

Table of Authorities Continued

**Statutes**

11 U.S.C. §§ 101–1532.....................................................................................................................1

James L. Patton, Jr., the duly-appointed legal representative for future claimants in the above-captioned matter (the "FCR"), respectfully submits this memorandum of law in support of his motion (the "Motion") [Adv. Docket No. 7] to dismiss the amended complaint (the "Amended Complaint") [Adv. Docket No. 5] filed by Lonnie Washburn (the "Plaintiff").

## INTRODUCTION

The Amended Complaint purports to allege causes of actions against the FCR and other parties, including "Civil Conspiracy, Breach of Fiduciary Duty, and Unfair Discrimination." *See* Amended Complaint. As set forth in greater detail below, the Amended Complaint must be dismissed because Plaintiff has failed to state a claim upon which relief may be granted.

## STATEMENT OF FACTS

Boy Scouts of America and Delaware BSA, LLC (the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 on February 18, 2020 (the "Chapter 11 Cases"). When the Chapter 11 Cases were commenced, the Debtors stated two objectives:  (i) timely and equitably compensate victims of abuse in Scouting and (ii) ensure that the Debtors emerge from bankruptcy with the ability to continue its vital charitable mission. *See Debtors' Informational Brief* [Docket No. 4] at 5–6.

On April 24, 2020, the Court entered its order appointing Mr. Patton as the FCR in these Chapter 11 Cases [Docket No. 486] (the "FCR Order"). Among other things, the FCR Order provides that:

> The Future Claimants represented by the Future Claimants' Representative includes individuals holding a claim based on abuse that occurred prior to the Petition Date, but who have not filed a proof of claim by the applicable bar date and who, as of the date immediately preceding the Petition Date:
>
> (a) had not attained eighteen (18) years of age, or

> (b) were not aware of such Abuse Claim as a result of "repressed memory," to the extent the concept of repressed memory is recognized by the highest appellate court of the State or territory where the claim arose.

*Id.* ¶ 4.

On December 20, 2021, the Debtors filed the *Second Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [Docket No. 7832] (the "Plan"). The Plan is the product of extensive arms' length negotiations, and will permit the Debtors to achieve the objectives that they set out to achieve when the Chapter 11 Cases were filed—a sizable trust will be established to provide recoveries for survivors (the "Settlement Trust"). The hearing to consider confirmation of the Plan is currently scheduled to begin on February 22, 2022.

As a result of ongoing mediation efforts, the size of the Settlement Trust now stands at more than $2.69 billion. The FCR, along with the other parties in interest, remains engaged in mediation on a near-daily basis to reach settlements with those currently aligned against the Plan, and to continue to grow the pool of funds available for survivors. The FCR is committed to advocating for his constituency throughout these bankruptcy proceedings and working with all parties to confirm the Plan.

On October 4, 2021, Plaintiff filed his initial complaint, which asserted claims against the FCR, Debtors, Official Committee of Tort Claimants, Official Committee of Unsecured Creditors, and Coalition of Abused Scouts for Justice. *See* Adv. Docket No. 1. On January 4, 2022, the FCR, through counsel, was served with a summons. Adv. Docket No. 4. On January 25, 2022, Plaintiff filed a second summons, which included the Amended Complaint. *See* Adv. Docket No. 5. The Amended Complaint was not separately filed.

## ARGUMENT

### A.    Legal Standard

A motion to dismiss under Rule 12(b)(6) "test[s] the sufficiency of the factual allegations in a plaintiff's complaint." *In re Midway Games Inc.*, 428 B.R. 303, 312 (Bankr. D. Del. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  To survive such a motion, the complaint "must contain sufficient 'factual allegations' which, if true, would establish 'plausible grounds' for a claim." *Id.* (quoting *Twombly*, 550 U.S. at 557).  "'[L]abels and conclusions' or 'formulaic recitation of the elements of a cause of action' are not sufficient." *Id.* (quoting *Twombly*, 550 U.S. at 555).  Similarly, "'[t]hreadbare recitals of [such] elements . . . supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a claim and should be dismissed. *In re USDigital, Inc.*, 443 B.R. 22, 35 (Bankr. D. Del. 2011) (citing *Iqbal*, 556 U.S. at 679).  In sum, if a complaint—its allegations taken as true for purposes of the motion—fails to state a claim, it must be dismissed.

### B.    Plaintiff has Provided No Factual Support for the Allegations in the Amended Complaint.

The Amended Complaint is comprised of one page of legal conclusions wholly devoid of factual support. *See* Amended Complaint ¶ 1-7.  Likewise, the declaration Plaintiff filed with the Amended Complaint (the "Washburn Declaration") does not include a single factual assertion that supports a claim against the FCR. *See* Washburn Declaration.  The statements included in the Amended Complaint and Washburn Declaration are "conclusory and unworthy of weight in analyzing the sufficiency" of the Amended Complaint. *See Connelly v. Lane Construction Corp.*, 809 F.3d 780, 789-90; *see also, Talley v. Wetzel*, 15 F.4th 275, 287 (3d Cir. 2021) ("While we are

29029572.4

3

required to accept the allegations in [a] complaint as true, we are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.") (internal quotations omitted); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss").  Accordingly, because Plaintiff has provided no factual support for the Court to consider, the Amended Complaint must be dismissed.

**C.     Even if the Amended Complaint was Adequately Pled, Plaintiff has not Established a Claim for Relief.**

The Amended Complaint appears to assert the following causes of action against the FCR – unfair discrimination, breach of fiduciary duty, and civil conspiracy.  Initially, Plaintiff's claim for "unfair discrimination" fails because no such cause of action exists.  *See, e.g., Waye v. First Citizen's Nat. Bank*, 846 F. Supp. 310, 315 (M.D. Pa.), aff'd sub nom. *Waye v. First Citizens Nat. Bank*, 31 F.3d 1175 (3d Cir. 1994) (dismissing a claim for bad faith because no claim existed under state law).  Plaintiff fails to state a claim for breach of fiduciary duty because Plaintiff is not a part of the FCR's constituency and the FCR does not owe Plaintiff any duty.  "Under Delaware law, a claim for negligence must plead: duty, breach, causation, and damages." *Duncan v. Vantage Corp.*, 2019 WL 1349497, at *11 (D. Del. Mar. 26, 2019) (citing *Hudson v. Old Guard Ins. Co.*, 3 A.3d 246, 250 (Del. 2010)).  Notably, the Amended Complaint does not even allege that the FCR owes Plaintiff a duty.  And pursuant to the FCR Order, it is clear that Plaintiff does not fit within the defined constituency that the FCR represents. *See* FCR Order at ¶ 4.  Finally, Plaintiff fails to state a claim for civil conspiracy claim because, among other things, Plaintiff alleges no unlawful act committed by the FCR.  *See Am. Gen. Life Ins. v. Goldstein*, 741 F. Supp. 2d 604, 614 (D. Del. 2010) (quoting *Nicolet, Inc. v. Nutt*, 525 A.2d 146, 149–50 (Del.1987)) ("To plead a claim for civil conspiracy under Delaware law, a plaintiff must allege '(1) [a] confederation or combination of

29029572.4

4

two or more persons; (2) [a]n unlawful act done in furtherance of the conspiracy; and (3) [a]ctual

damage.'") (internal citation omitted).

## **<u>CONCLUSION</u>**

WHEREFORE, for the foregoing reasons, the FCR respectfully requests that this Court

enter an order dismissing the Amended Complaint with prejudice.

Dated: January 31, 2022
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Edwin J. Harron*
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:   (302) 571-6600
Fax:   (302) 571-1253
Email: rbrady@ycst.com
       eharron@ycst.com

and

GILBERT LLP
Kami E. Quinn (admitted pro hac vice)
Emily Grim (admitted pro hac vice)
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Telephone: (202) 772-2336
Facsimile: (202) 772-2337
Emails: quinnk@gilbertlegal.com
      grime@gilbertlegal.com

*Counsel to the Future Claimants' Representative*

29029572.4