# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA, *et. al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |
| LONNIE WASHBURN,<br><br>Plaintiff,<br><br>v.<br><br>BOY SCOUTS OF AMERICA, DELAWARE BSA, LLC, FUTURE CLAIMANT'S REPRESENTATITVE, THE COALITION, TORT CLAIMS COMMITTEE, CREDITOR'S COMMITTEE,<br><br>Defendants. | Adv. Case No. 21-51177 (LSS) |

## THE BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dculver@morrisnichols.com
　　　　dabbott@morrisnichols.com
　　　　aremming@morrisnichols.com
　　　　mtalmo@morrisnichols.com
　　　　ptopper@morrisnichols.com

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
　　　　mlinder@whitecase.com
　　　　laura.baccash@whitecase.com
　　　　blair.warner@whitecase.com

February 9, 2022

*Attorneys for Defendants Boy Scouts of America and Delaware BSA, LLC*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1.

## INTRODUCTION

Lonnie Washburn, plaintiff in the above-captioned adversary proceeding ("Plaintiff"), has moved for an entry of default against the Debtors (defined below), asserting that the Debtors failed to timely file an answer or motion in response to the Amended Complaint (A.D.I. 5). As detailed below, Plaintiff is not entitled to an entry of default because Plaintiff's motion is based on a misunderstanding of the applicable Federal Rules of Civil Procedure (the "FRCP") and Federal Rules of Bankruptcy Procedure (the "FRBP").

## STATEMENT OF FACTS

On October 4, 2021, Plaintiff filed his original complaint and accompanying declaration (D.I. 4) seeking damages in excess of $5 million for civil conspiracy, breach of fiduciary duty and other claims, arising from the above-captioned defendants' (collectively, "Defendants") refusal to, among other things, settle his proof of claim before a trust is established for the express purpose of equitably compensating holders of abuse claims under the Debtors' chapter 11 plan. Plaintiff, however, did not issue a summons in accordance with FRBP 7004 until December 29, 2021. On January 18, 2022, Plaintiff executed the Amended Complaint, which did not appear on the docket until January 25, 2022. Included with the Amended Complaint was a new summons (the "Amended Summons") providing that Defendants had 30 days from the issuance of the Amended Summons to file a motion or answer in response to the Amended Complaint. Additionally, the certificate of service filed with the Amended Complaint certifies that service of the Amended Complaint and the Amended Summons was made via first class mail on January 19, 2022.

On February 7, 2022, the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases and Defendants in this adversary proceeding (together, the "Debtors"), filed their

2.

motion to dismiss the Amended Complaint (A.D.I. 10) and accompanying brief in support thereof (A.D.I. 12) (together, the "Motion to Dismiss").

On February 8, 2022, counsel to the Debtors received via first class mail a copy of Plaintiff's *Motion for Entry of Default* (the "Motion for Default"), dated February 3, 2022.[2] The *Affidavit in Support of Motion for Entry of Default* attached to the Motion for Default incorrectly states that an answer to the Amended Complaint was due on February 2, 2022. Based on this mistaken belief, Plaintiff seeks entry of a default against all Defendants, including the Debtors, under FRCP 55(a), made applicable to this adversary proceeding through FRBP 7055.

ARGUMENT

Plaintiff is not entitled to entry of default against the Debtors. Contrary to Plaintiff's asserted deadline of February 2, the Debtors had until at least February 7, and February 17 at the latest, to file a motion or answer in response to the Amended Complaint. The Amended Complaint was served on January 19. Pursuant to FRCP 15(a)(3), made applicable to this adversary proceeding by FRBP 7015, Defendants had until fourteen days after service of the Amended Complaint on January 19, which would be February 2, to file a motion or answer. *See* Fed. R. Civ. P. 15(a)(3) (requiring a response to an amended pleading "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later"). Crucially, however, Plaintiff served the Amended Complaint via first class mail, thereby implicating FRBP 9006(f) which provides, "When there is a right or requirement to act or undertake some proceedings within a prescribed period after being served and that service is by mail . . . three days are added after the prescribed period would otherwise expire under Rule 9006(a)." Fed. R. Bankr. P. 9006(f). Accordingly, Defendants had until three days after

---

[2] As of the time of the filing of this Opposition, the Motion for Default has not yet been docketed.

3.

February 2, which, after excluding February 5 (Saturday) and February 6 (Sunday) pursuant to FRBP 9006(a)(1)(C), is February 7, 2022, the date the Debtors filed the Motion to Dismiss. Accordingly, the Debtors timely filed Motion to Dismiss.

Further, even if the Debtors hadn't filed the Motion to Dismiss on February 7, they still would have had until February 17 to file their Motion to Dismiss because Plaintiff issued the Amended Summons. Pursuant to the Amended Summons, the Debtors had 30 days from its issuance to file a motion or answer in response to the Amended Complaint. Accordingly, the Debtors' filed the Motion to Dismiss within the time periods set forth under the FRBP, and Plaintiff's asserted deadline of February 2 is wrong.

*(Remainder of page intentionally left blank)*

4.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Debtors respectfully request that the Motion for Default be denied and that the Court grant such other and further relief as it deems appropriate.

February 9, 2022
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Matthew O. Talmo*
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
Paige N. Topper (No. 6470)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Email: dculver@morrisnichols.com
 dabbott@morrisnichols.com
 aremming@morrisnichols.com
 mtalmo@morrinsichols.com
 ptopper@morrisnichols.com

- and -

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

- and -

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
 mlinder@whitecase.com
 laura.baccash@whitecase.com
 blair.warner@whitecase.com

*Attorneys for Defendants*
*Boy Scouts of America and Delaware BSA, LLC*