IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
2022 FEB 14 AM 8: 21
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Adv Proc. No. 21-51177 |
|---|---|

Lonnie J. Washburn
   Plaintiff

Boy Scouts of America, Delaware BSA, LLC,
Future Claimant's Representative, The Coalition,
Tort Claims Committee, Creditors Committee

   Defendant(s)

## PLAINTIFF'S REPLY TO TORT CLAIMS COMMITTEE'S MOTION TO DISMISS

### ARGUMENT

1. Pleadings filed by pro se litigants are "held to less stringent standards than formal pleadings drafted by lawyers..." Haines v. Kerner, 404 U.S. 519 (1972).

2. Supreme Court has stated, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Rather, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

3. A claim for civil conspiracy requires a Plaintiff to plead the existence of a conspiracy, an unlawful act done in furtherance of the conspiracy, and resulting harm to the plaintiff. O'Gara v. Coleman, C.A. No. 2018-0708-KSJM (Del. Ch. Feb. 14, 2020).

4. The Plaintiff clearly states in Amended Complaint a cause of action(s): The Plaintiff alleges the Defendants formed a civil conspiracy called the RSA, The Plaintiff alleges the Defendants acted willfully, and recklessly and breached their Fiduciary Duties to him. Plaintiff alleges the pledges contained in their pact: refusing to settle any claim held by an abuse survivor, refusal to associate with any attorney who represents an abuse survivor, required discrimination and unequal legal treatment based on sex abuse, refusing to negotiate with any abuse survivor,, conspiring to fix the amount paid to The Coalition for legal fees to from estate funds , (a crime under USC 18 Section 155), violated fiduciary duties, representation the Defendants owed to the Plaintiff,.

5. The Plaintiff alleges that the conspiratorial actions and inactions of the Defendanta harmed him financially, including but not limited to an inability to settle Plaintiff's claim at face value, or settle it at all,, (as was afforded to non-sex abuse victims), increased legal fees, mental and emotional anguish.

6. The First Amended Complaint alleges Negligence that was willful and intentional. Defendants recklessly sold out the Plaintiff's interests, and ransacked protections placed by the Bankruptcy Code. The Defendants disregarded their obligations to the Plaintiff and conspired to shut the Plaintiff out of aspects of the legal process, which resulted in a lack of due process for the Plaintiff. The Defendants left the Plaintiff with inadequate legal representation and protection in the channeling injunction, and elsewhere, and violated the Plaintiff's right to basic fairness..

7. . The pledges they made and the actions and inactions the Defendants took, or didn't take in support thereof, were a breach of their fiduciary duties, which had negative financial and emotional consequences to the Plaintiff.

8. The Delaware Supreme Count recognizes t he Fiduciary Duty of Loyalty. Plaintiff alleges in his complaint that some of the defendants had a fiduciary duty the the Plaintiff. which was breached, when those defendants who were supposed to represent the Plaintiff, signed the pledge to obstruct the Plaintiff's settlement attempts.

9. Under Joint and several liability. Plaintiffs may collect the full amount of a judgment from any joint tortfeasor. Del. Code Ann. tit. 10, § 6301; Christiana Care Health Services, Inc. v. Crist, 956 A.2d 622 (Del. 2008); Leishman v. Brady, 3 A.2d 118 (Del. Super. C

## CONCLUSION

The Court has the jurisdiction under U.S. Bankruptcy Code to hear and adjudicate Adversarial Procedures. This is the proper venue.

10. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Chang v. Chen , 80 F.3d 1293, 1296 (9th Cir. 1996).

11. The Plaintiff's First Amended Complaint may not read like a Supreme Court brief, but it does meet the requirements and spirit of the law. While there may be minor deficiencies, they do not rise to the level of dismissal. If the Court should disagree, The Plaintiff prays the Court to give leave to amend the complaint and have this case decided on the merits.

Dated this 3rd Day of February. 2022

_____
Lonnie J. Washburn
ATTORNEY PRO SE
3098 S. Highland Dr. STE 101
Salt Lake Coty, UT 84106
Tel.: (801) 548-6884
collinlongshanks@gmail.com

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

**FILED**
2022 FEB 14 AM 8:21
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]

Debtors.

Chapter 11

Case No. 20-10343 (LSS)

(Jointly Administered)

Adv Proc. No. 21-51177

Lonnie J. Washburn
    Plaintiff

Boy Scouts of America, Delaware BSA, LLC,
Future Claimant's Representative, The Coalition,
Tort Claims Committee, Creditors Committee

    Defendant(s)

CERTIFICATE OF SERVICE
PLAINTIFF'S REPLY TO MOTION TO DISMISS

I, Rodrigo Sagrado, Jr., hereby certify that I am employed by (R. Sagrado) and am of such age and discretion as to be competent to serve papers.

I further certify that on this date I caused a copy of the

Affidavit in Support of Motion for Entry of Default and proposed Entry of Default to be placed in a postage-paid envelope addressed to the defendant(s), at the address(es) stated below, which is (are) the last known address(es) of said defendant(s), and deposited said envelope(s) in the United States mail.

Addressee: Name(s) and address(es) of defendant(s).  SEE ATTACHMENT
    SEE ATTACHMENT

Dated this ___3rd___ day of ___February___, 2022



Attachment A to ~~MOTION FOR ENTRY OF DEFAULT~~ Reply Motion to Dismiss Certificate of Service

Boy Scouts of America and
Delaware BSA, LLC
1325 West Walnut Hill Lane
Irving, TX 75038

Unsecured Creditors Committee
Reed Smith, LLP
ATTN: Kurt F. Gwynne
120 N Market Street STE 1500
Wilmington, DE 19801

Tort Claimants Committee
Pachylski, Stang, Ziehl, and Jones
919 North Market Street STE 1700
Wilmington, DE 19801

Morris, Nichols, Arsht, Tunnell, LLP
Attn: Derek Abbott
1201 N Market Street- 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347

Future Claimants Representative
Kenneth N. Enos
Rodney Square 1000 N King Street
Wilmington, DE 19801

MONZACK MERSKY & BROWDER, P.A.
Attn: Rachel B. Mersky
1201 N. Orange Street, Suite 400
Wilmington, Delaware 19801

BROWN RUDNICK LLP
David J. Molton, Esquire
Eric R. Goodman
Seven Times Square
New York, New York 10036

Sunni P. Beville, Esquire
Tristan G. Axelrod, Esquire
One Financial Center
Boston, MA 02111

United States Trustee
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbo
Wilmington, DE 19801









USPS Priority Mail Express label

U.S. POSTAGE PAID
PME 1-Day
SALT LAKE CITY, UT 84106
FEB 04, 22
AMOUNT
$26.95
R2305K138187-40

1007  19801

EI 217 523 877 US

**FROM:** PHONE (801) 548-6884
3098 S. Highland Dr. #101
SLC, UT 84106

**TO:** Delaware Bankruptcy Court
Clerk, 3rd Floor
824 N. Market St.
Wilmington, DE
19801

☑ 1-Day
PO ZIP Code: 84106
Scheduled Delivery Date: 02/05/2022
Postage: $26.95
Date Accepted: 02/04/2022
Time Accepted: 4:49 PM
Acceptance Employee Initials: RS
Total Postage & Fees: $26.95
Flat Rate

F May 2020
2 1/2 x 9 1/2

LABEL 11-B, MAY 2021  PSN 7690-02-000-9996