IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Adv Proc. No. 21-51177 |

Lonnie J. Washburn
   Plaintiff

Boy Scouts of America, Delaware BSA, LLC,
Future Claimant's Representative, The Coalition,
Tort Claims Committee, Creditors Committee

   Defendant(s)

## PLAINTIFF'S REPLY TO FCR'S MOTION TO DISMISS

### INTRODUCTION

Plaintiff, Lonnie Washburn files this response to the Defendants, Future Claims Representatives, Motion to Dismiss. The Defendants cites failure to stage a claim upon which relief can be granted; citing "no facts stated", and "no claim for relief".

### ARGUMENT

1. Supreme Court has stated, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Rather, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

2. Under Delaware law, a conspirator is jointly and severally liable for the acts of co-conspirators committed in furtherance of the conspiracy. Laventhol, Krekstein, Horwath & Horwath v. Tuckman, Del. Supr., 372 A.2d 168, 170 (19).

3. The Defendant, FCR, states that the Declaration "does not include a single factual assertion that supports a claim against the FCR". The Plaintiff's alleges that the Defendant was a signatory of the RSA, which makes the Defendant part of a civil conspiracy. According to Delaware law (Laventhol), all members of a civil conspiracy are liable for the actions of the others.

4. In the Amended Complaint the Plaintiff alleges the Defendants: a) Formed a civil conspiracy, as referenced and described in the RSA, which included: i) Conspiring to fix The Coalitions legal fees, which were to be paid from the estate, a crime under U.S. Bankruptcy law., (18 U.S.C. Section 155), ii) a pact to not settle a single sex abuse claim, iii) not associating with any lawyer who represents a sex abuse victim unless he/she joined the coalition, The Plaintiff alleges that (ii), (iii) Amount to Illegal Discrimination, Plaintiff alleges that (i), (ii), (iii), amount to Breach Fiduciary Duties,, and all actions combined equal Gross Negligence to the point of Willful Misconduct.

5. The Plaintiff states a claim of Civil Conspiracy that committed at least 4 actionable violations of the law: 1) Breach of Fiduciary Duties, 2) Conspiring to fix legal fees to be paid from the estate, 3) Unlawful Discrimination, and 4) Gross Negligence to the point of Willful Misconduct.

6. The Plaintiffs states in the Amended Complaint the damages suffered, to which he is entitled to by state and federal law, and states a demand for them.

7: The Defendant states Plaintiff did not allege a single crime against the FCR, and therefore fails to state a claim of Civil Conspiracy. Plaintiff points to the 3 torts and one crime addressed in section 4 above. All were listed in the Amended Complaint. FCR is implicated in three by virtue of conspiracy (Laventhol), and directly in the fourth by being a signatory to the RSA.

8. Defendant states that there is no cause of action for Unfair Discrimination. Plaintiff argues that the members of the conspiracy through their actions (i); (ii) in section 4 above violated U.S. Bankruptcy Code Section 1129(b)(1), a prohibition on unfair discrimination.

## CONCLUSION

9. Rule 8. General Rules of Pleading

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

9. Rule 8. General Rules of Pleading

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

10. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief (Conley v. Gibson).

11. Rule 8 of FRCP states a claim must include "a short, plain statement on the claim showing the Plaintiff is entitled to relief. The Plaintiff is a non-lawyer, pro se litigant. Short and plain seem to have a different meaning among lawyers. The Plaintiff has included enough facts and details to state a valid claim, has named the laws he alleges were violated, and has stated his claim for damages that stem from the Defendant's actions. The Amended Claim with its accompanying Declaration contains enough facts and details to meet the Plaintiff's burden, and has enough evidence to prove the allegations to this Court. If the Court should disagree, the Plaintiff requests leave to amend the complaint.

Dated this 5th day of February 2022.

_____

Lonnie j. Washburn
ATTORNEY PRO SE
3098 S. Highland Dr. ATE 101
Salt Lake City, UT 84106
Tel.: (801) 548-6884
collinlongshanks@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-10343 (LSS) <br><br> (Jointly Administered) <br><br> Adv Proc. No. 21-51177 |

Lonnie J. Washburn
   Plaintiff

Boy Scouts of America, Delaware BSA, LLC,
Future Claimant's Representative, The Coalition,
Tort Claims Committee, Creditors Committee

   Defendant(s)

## CERTIFICATE OF SERVICE

I certify that I mailed a true and correct copy of PLAINTIFF'S RESPONSE TO MOTION TO DISMISS via United States Postal Service- First Class postage, prepaid to the person/entity/address below.

Date this _6th_ day of February, 2022.

_____
Rodrigo Sagrado, Jr.

# Lonnie Washburn



Court Clerk
I.S. Bankruptcy Court, District of Delaware
824 N. Market Street, 3rd Floor
Wilmington, DE 19801

February 15, 2022

In re: BIY scouts of America andDelaware BSA, LLC.

To the Clerk of the Court:

Please find the accompanying
OPPOSITION TO BSA'S MOTION TO DISMISS (New),

OPPOSITION TI TCC MOTION TO DISMISS (Originally mailed 02/03/2022),

OPPOSITION TO FCR MOTION TO DISMISS (Originally sent with courier and filed at 3:39pm ET 02/07/2022.

It is my understanding that the two latter papers have been lost, and one was later found. Howevwe, nobody mentioned which one was found, so I am resubmitting both of them.

Regards,

Lonnie J. Washburn



ATTN: SARA HUGHES

309& S. Highland Dr. STE 101, Salt Lake City, UT 84106  •  Tel.: (891) 548-6884  •  collinlongshanks@gmail.com