# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA, *et. al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |
| LONNIE WASHBURN,<br><br>Plaintiff,<br><br>v.<br><br>BOY SCOUTS OF AMERICA, DELAWARE BSA, LLC, FUTURE CLAIMANT'S REPRESENTATITVE, THE COALITION, TORT CLAIMS COMMITTEE, CREDITOR'S COMMITTEE,<br><br>Defendants. | Adv. Case No. 21-51177 (LSS)<br><br>**Re: A.D.I. 19** |

## THE BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC'S
## OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dculver@morrisnichols.com
      dabbott@morrisnichols.com
      aremming@morrisnichols.com
      mtalmo@morrisnichols.com
      ptopper@morrisnichols.com

February 21, 2022

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
      mlinder@whitecase.com
      laura.baccash@whitecase.com
      blair.warner@whitecase.com

*Attorneys for Defendants Boy Scouts of America and Delaware BSA, LLC*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1.

## INTRODUCTION

Lonnie Washburn, plaintiff in the above-captioned adversary proceeding ("Plaintiff"), has moved for entry of a default judgment (A.D.I. 19) (the "Motion for Default Judgment") against the Debtors (defined below). As detailed below, the Motion for Default Judgment must be denied because no default has been entered and entry of a default judgment is otherwise completely unjustified.

## STATEMENT OF FACTS

On October 4, 2021, Plaintiff filed his original complaint and accompanying declaration (D.I. 4) seeking damages in excess of $5 million for civil conspiracy, breach of fiduciary duty and other claims, arising from the above-captioned defendants' (collectively, "Defendants") refusal to, among other things, settle his proof of claim before a trust is established for the express purpose of equitably compensating holders of abuse claims under the Debtors' chapter 11 plan. Plaintiff, however, did not issue a summons in accordance with rule 7004 of the Federal Rules of Bankruptcy Procedure (the "FRBP") until December 29, 2021. On January 18, 2022, Plaintiff executed the Amended Complaint, which did not appear on the docket until January 25, 2022 (A.D.I. 5). Included with the Amended Complaint was a new summons (the "Amended Summons") providing that Defendants had 30 days from the issuance of the Amended Summons to file a motion or answer in response to the Amended Complaint. Additionally, the certificate of service filed with the Amended Complaint certifies that service of the Amended Complaint and the Amended Summons was made via first class mail on January 19, 2022.

On February 7, 2022, the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases, and defendants in this adversary proceeding (together, the "Debtors"), filed their

motion to dismiss the Amended Complaint (A.D.I. 10) and accompanying brief in support thereof (A.D.I. 12) (together, the "Motion to Dismiss").

On February 8, 2022, counsel to the Debtors received via first class mail a copy of Plaintiff's *Motion for Entry of Default* (the "Motion for Default") (A.D.I. 18), dated February 3, 2022. The *Affidavit in Support of Motion for Entry of Default* attached to the Motion for Default incorrectly states that an answer to the Amended Complaint was due on February 2, 2022. Based on this mistaken belief, Plaintiff sought an entry of default against all Defendants, including the Debtors, under rule 55(a) of the Federal Rules of Civil Procedure (the "FRCP"), made applicable to this adversary proceeding through FRBP 7055.

On February 9, 2022, the Debtors filed their opposition to the Motion for Default (A.D.I. 14) (the "MFD Opposition"), explaining that the Debtors timely responded to the Amended Complaint, and therefore no grounds existed for an entry of default. As of the date hereof, no default has been entered against any Defendant.

On February 11, 2022, the Motion for Default Judgment appeared on the docket in this adversary proceeding.[2] The affidavit attached to the Motion for Default Judgment incorrectly states that a default was entered against all Defendants on February 2, 2022, and requests entry of a default judgment under FRCP 55(b) in the amount of $5,600,625.00, comprising (i) the "face value" of Plaintiff's claim of $4,500,000, (ii) "emotional damages/mental anguish" of $100,000, (iii) punitive damages of $1,000,000, (iv) legal expenses of $500, and (v) "office" expenses of $125, plus post-judgment interest.

---

[2] The Motion for Default Judgment is dated February 5, 2022, and the docket entry reflects a filing date of February 7, 2022. Despite these dates, and the certificate of service attached to the Motion for Default Judgment indicating a service date of February 5, 2022 (although the certificate of service does not identify who was served), the Debtors, to their knowledge, have not received a copy of the Motion for Default Judgment and first became aware of it when it was uploaded to the Court's docket on February 11, 2022.

3.

ARGUMENT

Plaintiff's request for entry of a default judgment is completely without merit and should be denied. As explained in the MFD Opposition,[3] Plaintiff is not entitled to an entry of default against the Debtors, and no default has been entered. This forecloses entry of a default judgment against the Debtors. *See Tristrata Tech., Inc. v. Medical Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010) ("Entry of default judgment is a two-step process, and a default judgment under [FRCP 55(b)(2)] must be preceded by an entry of default under [FRCP 55(a)]."). *See also James v. A.C. Moore Arts & Crafts, Inc.*, 2020 WL 374861, at *3 (D. Del. Jan. 23, 2020) (denying entry of default judgment where there was no entry of default).

More importantly, Plaintiff's request fails to meet the standard for entry of a default judgment under Third Circuit law. Courts in the Third Circuit consider three factors in determining whether to enter default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d. Cir. 2000). Entry of a default judgment is an "extreme sanction" and is generally disfavored. *James*, 2020 WL 374861, at *3 (citations omitted). *See also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) ("[T]his court does not favor entry of defaults or default judgments.").

Here, each of these factors alone weighs against entry of a default judgment. First, Plaintiff will experience no prejudice. There has been no delay in the litigation of Plaintiff's claims as the Debtors have appeared and filed the Motion to Dismiss. Plaintiff has

---

[3] The arguments made in the MFD Opposition are repeated and incorporated by reference as if fully set forth herein.

also since responded to the Motion to Dismiss (A.D.I. 23), and the Debtors are currently preparing to submit a reply, at which point the Motion to Dismiss will be ready for adjudication by the Court.  Further, Plaintiff cannot, and does not in his Motion for Default Judgment, identify any other prejudice that he may experience if his request for default judgment is denied such as "loss of available evidence, increased potential for fraud or collusion, or substantial reliance." *Girafa.com, Inc. v. Smartdevil Inc.*, 728 F. Supp. 2d 537, 545 (D. Del. 2010).  In these circumstances, courts have held that the entry of a default judgment is unjustified. *See, e.g.*, *James*, 2020 WL 374861, at *3.

Second, the Debtors have litigable defenses to the Amended Complaint.  Specifically, as detailed in the Motion to Dismiss, the Amended Complaint combines various asserted causes of action with baseless and conclusory factual and legal allegations in an effort to side-step carefully crafted aspects of the Debtors' chapter 11 plan and force the Debtors to settle Plaintiff's claim, although Plaintiff is entitled to no such relief.[4]  Therefore, the Amended Complaint fails to state any claim and should be dismissed with prejudice.

Finally, as described above, there has been no delay by the Debtors in responding to this adversary proceeding, let alone any delay that is the result of culpable conduct by the Debtors, and the Motion for Default Judgment does not assert otherwise.  *See Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1984) (defining "culpable conduct" as conduct that is taken "willfully or in bad faith").  Accordingly, this factor, like the other two, weighs decisively in favor of denying the Motion for Default Judgment.

---

[4]  The arguments made in the Motion to Dismiss are repeated and incorporated by reference as if fully set forth herein.

5.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Debtors respectfully request that the Motion for Default Judgment be denied and that the Court grant such other and further relief as it deems appropriate.

February 21, 2022
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Matthew O. Talmo*
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
Paige N. Topper (No. 6470)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Email: dculver@morrisnichols.com
      dabbott@morrisnichols.com
      aremming@morrisnichols.com
      mtalmo@morrinsichols.com
      ptopper@morrisnichols.com

- and -

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

- and -

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
      mlinder@whitecase.com
      laura.baccash@whitecase.com
      blair.warner@whitecase.com

*Attorneys for Defendants*
*Boy Scouts of America and Delaware BSA, LLC*