# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA, *et. al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |
| LONNIE WASHBURN,<br><br>Plaintiff,<br><br>v.<br><br>BOY SCOUTS OF AMERICA, DELAWARE BSA, LLC, FUTURE CLAIMANT'S REPRESENTATITVE, THE COALITION, TORT CLAIMS COMMITTEE, CREDITOR'S COMMITTEE,<br><br>Defendants. | Adv. Pro. No. 21-51177 (LSS)<br><br>**Re: A.D.I. 5, 10, 12, 23** |

## THE BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC'S
## REPLY IN SUPPORT OF MOTION TO DISMISS

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dculver@morrisnichols.com
  dabbott@morrisnichols.com
  aremming@morrisnichols.com
  mtalmo@morrisnichols.com
  ptopper@morrisnichols.com

February 22, 2022

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
  mlinder@whitecase.com
  laura.baccash@whitecase.com
  blair.warner@whitecase.com

*Attorneys for Defendants Boy Scouts of America and Delaware BSA, LLC*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1.

## REPLY

On February 15, 2022, Plaintiff[2] filed his response (A.D.I. 23) (the "Response") to the Debtors' Motion to Dismiss. The Response does not remedy the pleading failures that pervade the various claims asserted in the Complaint. Accordingly, the Complaint should be dismissed with prejudice.

In the Response, Plaintiff characterizes the Complaint as one that "does not stem from Defendants [sic] refusal to negotiate and settle"[3] but as one that "stems from the Defendant's [sic] deliberate choice to participate in a Civil Conspiracy by forming and joining a confederation, as evidenced by the RSA, then committing unlawful acts as alleged in the Amended Complaint, and the Plaintiff making a demand on those damages caused by the actions and inactions of those Defendant's [sic]." Resp. at 1. Plaintiff then repeats several times the baseless and conclusory factual and legal assertions that comprise the Complaint, without any legal authority or reasoning to support the specific claims he attempts to plead. Erroneously believing such repetition and conclusory statements suffice to state a claim, Plaintiff argues that

---

[2] All terms that are capitalized but not otherwise defined in this Reply have the meanings ascribed to such terms in *The Boy Scouts of America and Delaware BSA, LLC's Opening Brief in Support of Motion to Dismiss* (A.D.I. 12) (together with *The Boy Scouts of America and Delaware BSA, LLC's Motion to Dismiss the Adversary Complaint* (A.D.I. 10), the "Motion to Dismiss").

[3] The entirety of the Response is difficult to follow, but this is perhaps its most confusing aspect. In one breath, Plaintiff states that "this action is not about settling the Plaintiff's claim," and then in the next states, "This action is about the damage caused to the Plaintiff by the Defendants. The refusal to settle sex abuse claims is significant particularly when Defendant's [sic] have pushed to settle non-abuse litigation claims of similar nature." Resp. at 5. *Compare id.* at 4 ("Refusal to negotiate is a red herring and has little to do with the Plaintiff's complaint.") *with id.* at 5 ("[I]t is disingenuous that [the Debtors] refuse to negotiate or settle with the Plaintiff or any sex abuse victims."). Plaintiff's framing of his Complaint is unclear, but the thrust of the Complaint and Declaration concerns the Debtors' refusal to settle Plaintiff's claim due to its status as an abuse claim and the alleged harm caused to Plaintiff. S*ee*, *e.g.*, Compl. ¶¶ 1, 4, 6. *See also, e.g.*, Decl. ¶ 9, 11-13. Regardless of how Plaintiff wishes to frame his Complaint after the fact, the Complaint fails to plead any cognizable cause of action.

he "has made a short and plain statement of his claim" that "is viable and deserves to be heard." *Id.* at ¶ 20.[4]

As detailed in the Motion to Dismiss, however, Plaintiff must do more than make general allegations of a "Civil Conspiracy" among Defendants to commit "unlawful acts" such as refusing to settle abuse claims before confirmation of the Plan. Plaintiff must allege actual facts to support his assertions and the claims he attempts to plead. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)) (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."); *Talley v. Wetzel*, 15 F.4th 275, 287 (3d Cir. 2021) ("While we are required to accept the allegations in [a] complaint as true, we are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.") (internal quotations omitted); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss"). Yet, there is no factual support found in the Complaint or Declaration. Further, in order to plead a claim for Civil Conspiracy under Delaware law, Plaintiff must plead an underlying wrongful act which, despite his various assertions of breach of fiduciary duties and "unlawful discrimination," among others, he completely fails to do. *See* Motion to Dismiss, Section II. In fact, the Response does not address any of the arguments in the Motion to Dismiss

---

[4] The Response also attempts to interject new causes of action not included in the Complaint. First, the Response claims the Complaint includes a cause of action for "Gross and Willful Negligence (Tort)." *See* Resp. at 1, 4. Plaintiff's original complaint explicitly included separately identified claims for "Gross Negligence" and "Negligence. (Tort)," but the claim for "Negligence. (Tort)" was then removed from the amended Complaint. *See* A.D.I. 4 at 2. Second, the Response asserts that the Debtors have violated the "Fair and Equitable Standard," a cause of action not mentioned anywhere in the Complaint. *See* Resp. at ¶¶ c, 16. For the reasons stated herein and the Motion to Dismiss, Plaintiff's conclusory assertions fail to state such claims. Further, as the claims were not included in the Complaint, Plaintiff cannot add them after the fact through the Response. *Commonwealth of Pa., ex rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

regarding the Complaint's failure to state any cognizable cause of action, including one upon which a claim for "Civil Conspiracy" could be based.[5]

Moreover, the Response demonstrates that the crux of the Complaint is Plaintiff's opposition to certain provisions of the Plan, which he characterizes as products of the "unlawful actions" of the Defendants taken in connection with the RSA. Resp. at 1.  For example, Plaintiff complains of the separate treatment and classification of abuse and non-abuse claims (*id.* at ¶¶ b, c, 16), payment of the Coalition's expenses (*id.* at ¶¶ b, 3, 7), the inability to sue the Debtors in civil court (*id.* at ¶¶ h, 7), the third-party releases in the Plan (*id.* at ¶¶ h, 7, 10), and the Channeling Injunction (*id.* at ¶ 7).  Plaintiff's objection to these aspects of the Plan is more appropriately the subject of an objection to confirmation of the Plan rather than an adversary proceeding.

Finally, Plaintiff's request for leave from the Court to amend the Complaint should be rejected.  As an initial matter, it is procedurally improper as Plaintiff must file a formal motion to amend the Complaint and his cursory request to do so is insufficient.  *See* Fed. R. Civ. P. 15(a); *United States ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 493-94 (3d Cir. 2017) (holding that a threadbare recital in the plaintiff's opposition to a motion to dismiss was insufficient to constitute a motion under Federal Rule 15(a)); *In re Digital Networks North America, Inc.*, 2018 WL 3869599, at *7 (Bankr. D. Del. 2018) ("[L]eave to amend the Complaint will only be considered upon the filing of a formal motion.").  But more importantly, for all of

---

[5] Given the confusing nature of the Complaint, the Debtors provided additional factual detail in the Motion to Dismiss to aid the Court. *See* Motion to Dismiss, at 2. As explained in the Motion to Dismiss, the Court may consider those facts because they are derived from documents that are integral to the Complaint or of which the Court may take judicial notice. *See id.* at 2, n.3. In the Response, Plaintiff "strongly objects to these additions, and to the mischaracterizations they attempt to promote." Resp. at 1. Plaintiff does not describe the alleged "mischaracterizations" being promoted, nor does he provide any legal authority or argument to support his objection. Regardless, the Court need not consider the added factual detail in order to dismiss the Complaint.

4.

the reasons stated herein and in the Motion to Dismiss, the decision by the Debtors not to settle abuse claims (whether Plaintiff's claim individually or abuse claims generally) does not give rise to a cognizable cause of action for which Plaintiff may recover. Therefore, amendment of the Complaint would be futile, and Plaintiff's request should be denied. *See Redmond v. Fresh Grocers Store*, 402 Fed. Appx. 685, 686 (3d Cir. 2010).

*(Remainder of page intentionally left blank)*

5.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Debtors respectfully request that the Court grant their motion to dismiss the Complaint in its entirety with prejudice and grant such other and further relief as the Court deems appropriate.

February 22, 2022
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Matthew O. Talmo*
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
Paige N. Topper (No. 6470)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Email: dculver@morrisnichols.com
      dabbott@morrisnichols.com
      aremming@morrisnichols.com
      mtalmo@morrinsichols.com
      ptopper@morrisnichols.com

- and -

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

- and -

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
      mlinder@whitecase.com
      laura.baccash@whitecase.com
      blair.warner@whitecase.com

*Attorneys for Defendants*
*Boy Scouts of America and Delaware BSA, LLC*