IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Adv Proc. No. 21-51177 |

Lonnie J. Washburn
   Plaintiff

Boy Scouts of America, Delaware BSA, LLC,
Future Claimant's Representative, The Coalition,
Tort Claims Committee, Creditors Committee

   Defendant(s)



OPPOSITION TO THE COALITIONS MOTION TO DISMISS
INTRODUCTION

INTRODUCTION

1. The Plaintiff, a lay person, has filed his claim in good faith and has made an honest effort to comply with the requirements set forth in FRCP and FRBP. The Plaintiff strongly believes believes the First Amended Complaint satisfies the basic requirement for pleading a complaint.

ARGUMENT

2. The Defendants state that The Coalition is not mentioned in the Plaintiff's Declaration, and mentioned little in the complaint, therefore the Plaintiff has not made a sufficient claim against The Coalition.

3. As a result of their participation in the RSA, the Defendants's actions and inactions breached their Fiduciary Duties to the Plaintiff, who was harmed financially and emotionally by the Defendants actions and inactions.

4. Defendant's were Grossly Negligent the point of Willful Misconduct when they entered into a pact that refused to settle even a single sex abuse claim, and even associate with any lawyer who represents a sex abuse victim, unless that lawyer joined their pact. That violated the Plaintiff's rights to equal representation, Due process, and is fundamentally unfair and discriminatory to the Plaintiff based on his status as a sex abuse victim.

5. The Defendants willfully, recklessly, conspired to fix fees and compensation for services rendered from funds from the estate, violating U.S.C. 18 Section 155. The direct result would be less money left to the estate to pay the Plaintiff's claim.

6. The Defendants pact and subsequent actions and inactions caused the Plaintiff to be deprived of Due Process, including, but not limited to, the Channeling Agreement, and inadequate representation therein, resulting in no ability to recover damages in civil court from the Debtor, or any other covered parties.

7. The Plaintiff suffered damages including increased expenses, loss of claim differential, as well as mental amd emotional anguish inflicted by the Defendants.

8. The Defendants argue the Plaintiff's claim for "unfair discrimination" must be dismissed because no cause of action for "unfair discrimination" exists.

9. Both Delaware and federal law forbid discriminating against a person based on sex. Discriminating against someone based on the status as sex abuse victim is a form of sex discrimination, and is therefore illegal. It also sets the Plaintiff apart in a special group, that is based solely on Plaintiff's status as a victim of sex abuse. This treatment deprives the Plaintiff of Equal Protection under the law.

10. The Defendants allege that they had no fiduciary duty to the Plaintiff and non was alleged.

11. As covered in section 3 above, the Plaintiff need not relate every single deed to a particular Defendant, just to one of them. The First Amended Complaint does alleged Fiduciary Duties were owed by the TCC, the Creditors Committee, and the Debtors.

12. The Defendants take issue with Plaintiff's pleading of lack of Due Process.

13. Plaintiff states in the First Amended Complaint that The Defendants breached their duties to represent him and his interests when they agreed to not settle a single direct abuse claim, or associate with counsel representing sex abuse survivors. This left Plaintiff with insufficient legal representation, lack of sue process, particularly in the channeling injunction. As a consequence, the Plaintiff lost legal rights, including, but not limited to suing in civil court, and the right to pursue 'protected parties'. That alone, barred the Plaintiff from millions in recovery.

14. The Defendant says there was no claim of unlawful acts in furtherance of the conspiracy.

15. Plaintiff alleges several unlawful acts performed by the conspiracy including, but not limited to: attempting to fix legal fees to be paid by the estate, Illegal Discrimination, Breach of Fiduciary Duties, Willful and Intentional Misconduct, and Intentional Gross Negligence.

16. The Coalition suggests that the Plaintiff's claim would have to be paid by the abuse victims, and should therefore be dismissed.

17. The Defendants are the members of the conspiracy, not the abuse victims. All Defendants are jointly and severally liable in a conspiracy, and this action will be paid from the pockets of the conspirators, not abuse victims.

## CONCLUSION

18. "[A] dismissal with prejudice...is an extreme sanction that may be properly imposed only when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." World Thrust Films[ Inc. v. Int'l Family Entm't, Inc.], 41 F.3d [1454,] 1456[ ((11th Cir. 1995)]; accord Gratton v. Great Am. Commc'ns., 178 F.3d 1373, 1374 (11th Cir. 1999); Mingo v. Sugar Cane Growers Co-op. of Fla., 864 F.2d 101, 102 (11th Cir. 1989); Cohen v. Carnival Cruise Lines, Inc., 782 F.2d 923, 924–25 (11th Cir. 1986); Goforth[ v. Owens], 766 F.2d [1533,] 1535[ (11th Cir.1985)]; Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); Gonzalez[ v. Firestone Tire & Rubber Co.], 610 F.2d [241,] 247[ (5th Cir. 1980)]; Hildebrand[ v. Honeywell, Inc.], 622 F.2d [179,] 181[ (5th Cir. 1980)]; Boazman v. Econ. Lab., Inc., 537 F.2d 210, 212–13 (5th Cir. 1976). Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable. Gratton, 178 F.3d at 1375.

19. "[W]here the dismissal [under Rule 41(b)] is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice." Boazman v. Econ. Lab., Inc., 537 F.2d 210, 213 (5th Cir. 1976) (citing Pond v. Braniff Airways, Inc., 453 F.2d 347 (5th Cir. 1972). See also Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc)

20. The Plaintiff Strongly believes the First Amended Complaint meets the standards set forth in FRCP. In the event the Court decides otherwise, the Plaintiff respectfully asks the court for a short leave to Amend the Complaint, rather than a Dismissal Without Prejudice, which would likely have the same effect as a Dismissal With Prejudice, given the time constraints of fitting the proceeding within a Bankruptcy. .That decision would serve Justice, and let the Plaintiff's case be tried on the merits.

Dated this 16th day of February 2022.

_\[signature\]_

Lonnie J. Washburn
ATTORNEY PRO SE
3098 S. Highland Dr. STE 101
Salt Lake City, UT 84106
Tel.: (801) 548-6884
collinlongshanks@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| | (Jointly Administered) |
| Debtors. | Adv Proc. No. 21-51177 |

Lonnie J. Washburn
    Plaintiff

Boy Scouts of America, Delaware BSA, LLC,
Future Claimant's Representative, The Coalition,
Tort Claims Committee, Creditors Committee

    Defendant(s)

---

CERTIFICATE OF SERVICE

---

I certify that I mailed a true and correct copy of PLAINTIFF'S RESPONSE TO MOTION TO DISMISS via United States Postal Service- First Class postage, prepaid to the person/entity/ address below.
Dated this 16th day of February 2022.


Rodrigo Sagrado, Jr.

Rachel B. Mersky (DE No. 2049) 1201 North Orange Street, Suite 400 Wilmington, Delaware 19801
Telephone: (302) 656-8162 Facsimile: (302) 656-2769
E-mail: rmersky@monlaw.com
– and –
BROWN RUDNICK LLP David J. Molton, Esq. Eric R. Goodman, Esq. Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email: dmolton@brownrudnick.com Email: egoodman@brownrudnick.com
– and –
Sunni P. Beville, Esq.
Tristan G. Axelrod, Esq.
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Email: sbeville@brownrudnick.com Email: taxelrod@brownrudnick.com