# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Adv Proc. No. 21-51177 |

Lonnie J. Washburn
    Plaintiff

Boy Scouts of America, Delaware BSA, LLC,
Future Claimant's Representative, The Coalition,
Tort Claims Committee, Creditors Committee

    Defendant(s)

---

## PLAINTIFF'S OPPOSITION TO CREDITORS COMMITTEE's JOINDER OF DEFENDANT'S MOTION DISMISS

## INTRRODUCTION

The Defendants Motion to Dismiss for failure to state a claim upon which relief can be granted ignores critical facts pled in the Amended Complaint and attempts to reframe the Plaintiff's stated claim of Civil Conspiracy followed by Breach of Fiduciary Duties, Reckless and Willful Misconduct, Attempt to Fix Legal fees, Gross and Willful Negligence (Tort) into some way to "side step" the claims process. In the BSA'S effort to do so, they have admittedly added additional information not included in the Plaintiff's Amended Complaint 'to aid the court". The plaintiff strongly objects to these additions, and to the mischaracterizations they attempt to promote.

The Plaintiff's claim does not stem from Defendants refusal to negotiate and settle, the claim stems from the Defendant's deliberate choice to participate in a Civil Conspiracy by forming and joining a confederation, as evidenced by the RSA, then committing unlawful acts as alleged in the Amended Complaint, and the Plaintiff making a demand on those damages caused by the actions and inactions of those Defendant's

## FACTS

The Amended Complaint alleges:

a) The defendants did knowingly and willingly enter into a civil conspiracy as evidenced in the RSA agreement.

b) The RSA contains certain covenants that its members agreed to do, and refrain from doing, including:

i) Refusing the "settlement of any abuse case under the debtor ".

ii) Forbidding "associating with any counsel with respect to the representation of any direct abuse claim unless such counsel agrees to become, and in fact becomes a joining party of the RSA ".

iii) Pushing "as many non-abuse "claims through the settlement as possible prior to plan confirmation, and did so, reducing the estate.

iv) Fixing the legal fees to be paid to The Coalition from estate funds, violating U.S.C. 18 Section 155.

c) defendants negotiated and settled with holders of indirect abuse claims, a lower priority class of claimants, (a violation of the Fair and Equitable Standard).

d) The Defendant's actions and inactions listed above in division b) are a Breaches of Fiduciary Duties owed to the Plaintiff.

e) The Breaches of Fiduciary Duties share the duties caused the Plaintiff financial damages and emotional anguish.

f) The Defendants committed acts that were willing, reckless, and unlawful,without regard to their duties to their constituents or the law.

g) The Defendants breached fiduciary duties, and committed other unlawful acts, including, but not limited to, Willful Negligence to the Point or Misconduct(Tort), and Unlawful Discrimination.

h) Defendant's actions and inactions listed above resulted directly in i) Inadequate legal representation,

ii) Plaintiff being deprived of Due Process,

iii) loss of legal rights, including, but not limited to:

A) loss of ability to sue Defendants others in civil court,

B) loss of ability to pursue a claim against other 'protected' organizations.

iv) financial damages to the Plaintiff including, but not limited to legal expenses, clerical expenses.

ARGUMENT

1. Rule 8(a) of the Federal Rules of Civil Procedure, provides that to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a).

2. While detailed facts are not necessary, "a plaintiff is required to put the defendant on notice as to the basics of the plaintiff's complaint [and] to set forth the facts with sufficient particularity to apprise the defendant fairly of the charges made against him so that he can prepare an adequate answer." In re Lexington Healthcare Grp., Inc., 339 B.R. 570, 575 (Bankr. D. Del. 2006

3. The Amended Complaint clearly states the facts upon which the the Plaintiff's claims are based: The Defendants formed a Civil Conspiracy, and as such acted unlawfully by conspiring to fix The Coalition's legal fees to be paid from the estate. Additionally, Plaintiff alleges that some members of the confederation that owed fiduciary duties to the Plaintiff, and Defendants breached those duties by agreeing to take actions harmful to the Plaintiff and/or the Plaintiff's interests. The Plaintiff also alleges the damages caused by the Defendants, and makes a demand for those damages. There is ample information to satisfy the "short and plain" statement requirement, and to inform the Defendant of the Plaintiff's claim and the grounds for it.

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556

7. The Amended Complaint alleges, among others things, the following facts: Defendants formed a pact as evidenced by the RSA. Defendants conspired to fix legal fees to be paid from estate funds. The Plaintiff suffered financial loss due to the Defendant's actions and inactions. The Defendants Breach of Fiduciary Duties left Plaintiff without adequate legal representation. Defendants breach of duty cost the Plaintiff certain legal rights and representation including, but not limited to, the channeling agreement, the right to sue and recover damages in civil court and right to sue 'protected organizations'. Defendants actions cause the Plaintiff increased legal, and office/clerical expenses. Defendant's actions resulted in loss of Due Process for the Plaintiff. These facts, along with the others in the Amended Complaint and Declaration, show a plausible claim.

8. The Defendants state the BSA has no legal duty to settle claims, yet argue before this court that non-sex abuse "Settlements and compromises are favored in bankruptcy proceedings as a means of "minimiz[ing] litigation and expedit[ing] the administration of a bankruptcy estate." Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996). No matter. Refusal to negotiate is a red herring and has little to do with the Plaintiff's complaint. It does, however demonstrate the Defendants discrimination.

9. The BSA claims that Plaintiff fails to state a claim of civil conspiracy under Delaware law.

10. Plaintiff alleges a) Defendants formed a confederation, b) wrongful acts were committed, including, but not limited to: i) conspiring to fix legal fees to be paid from the estate, ii). Reckless and Willful Negligence, iii) Breach of Fiduciary Duties. iv) illegal discrimination; unfair and inequitable treatment of a creditor. d) Defendant's actions and inactions cause the Plaintiff financial damages including legal fees, operational/clerical costs, emotional anguish e) As a result of the Defendant's unlawful actions, Plaintiff suffered damages including , but not limited to, inadequate representation, was deprived of due process, suffered loss of ability to pursue other parties in civil court, and depriving Plaintiff of ability to recover damages from other responsible parties and 'protected organizations".

11. Defendants allege "Plaintiff fails to plead that the Debtors breached any Fiduciary Duty, including through Gross Negligence or Willful Misconduct".

12. Under Delaware law, a conspirator is jointly and severally liable for the acts of co-conspirators committed in furtherance of the conspiracy. Laventhol, Krekstein, Horwath & Horwath v. Tuckman, Del. Supr., 372 A.2d 168, 170 (1976).

13. Therefore, once the conspiracy is established, all members are liable for any acts committed any member in furtherance of the conspiracy.

14. Plaintiff does, in fact allege Willful Misconduxt, Willful Gross Negligence, and Breach of Fiduciary Duties (In re: the Amended Complaint lines 14-5, 17-19, and line 22, The Plaintiff alleges all three. Plaintiff alleges the Debtor breached Fiduciary Duties by conspiring to fix legal fees to be paid from estate funds.

15. Defendants charge that Plaintiff does not plead any facts to support the assertion that the Debtors' decision not to settle his claim (or any other claim) fails to maximize value for the Debtors' estates or wastes estate funds. Plaintiff's naked assertion that settlement of his claim would result in "less than the claims [sic] value" is insufficient. Id. at ¶ 9. Although Plaintiff has filed a proof of claim asserting damages in the amount of $4.5 million, Plaintiff's claim has not been allowed, and there are no facts in the Complaint to establish that settling the claim at this time would result in any value to the Debtors' estates.

16. Again, this action is not about settling the Plaintiff's claim. This action is about the damage caused to the Plaintiff by the Defendants. The refusal to settle sex abuse claims is significant, particularly when Defendant's have pushed to settle non-abuse litigation claims of similar nature. Plaintiff alleges Defendants violated the Fair and Equitable standards by skipping over all direct abuse claims, and then negotiating with and settling with holders of Indirect Abuse claims, a lower class of claims, violating the proposed plan..

17. A debtor in possession has a fiduciary duty to its creditors, much the same as a Chapter 11 trustee, to preserve and maintain the bankruptcy estate and to operate its business efficiently to maximize ultimate payments on pre-petition debts while keeping post-petition debts current.The Debtors argued to the Court in the Romero case that Settlements and compromises are favored in bankruptcy proceedings as a means of "minimiz[ing] litigation and expedit[ing] the administration of a bankruptcy estate." Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996); Therefore, it is disingenuous that they refuse to negotiate or settle with the Plaintiff or any sex abuse victims.

18. The Plaintiff states a cause of action in the Washburn Declaration that as a result of the TCC and Creditors Committee participation in the RSA, and subsequent actions Plaintiff was left without adequate legal representation, was deprived of Due Process, and suffered financial damages. The TCC asserts that they don't owe the Plaintiff a fiduciary duty, they are incorrect. The TCC is the official representative of the victims. They admit as much in their own document they filed with this Court (Docket 2304). "As an official committee, the TCC has a fiduciary duty to all survivors". —James E. Oneil.

19. The Creditor's committee owes fiduciary duties to all creditors.

20. Plaintiff the Plaintiff alleges t he both the TCC and the Creditor's Committees have turned their backs on their constituencies as a whole, not on Plaintiff particularly.

21. Plaintiff also alleges in the First Amended Complaint that the members of the RSA unfairly discriminated against Abuse Victims. Defendants have argued that is not a cause of action.

22. Bankruptcy Code Section 1129(b)(1) requires Fair and Equitable treatment and specifically forbids Unfair Discrimination.

23. Plaintiff alleges the Dedendants unfairly discriminated against all Abuse Victims, including himself, when they agreed to participate in the RSA, refused to negotiate claims or settle claims (but promoted settling claims of non victims) based on their status as sexual assault victims.

24. The Plaintiff alleges in the First Amended Complaint that the TCC and the Creditors breached their fiduciary duties to all Abuse Victims and with their participation of the RSA.

25. The plaintiff alleges that fiduciaries who are fully aware of their duties and aware of their constituencies, are reckless, willful, and grossly negligent when they sign a pact that calls for them to turn their backs on their constituents, refuse to associate with their constituents representatives, refuse to help settle a single claim belonging to a victim.

## CONCLUSION

18. Supreme Court has stated, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Scheuer v. Rhodes , 416 U.S. 232, 236 (1974). Rather, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson , 355 U.S. 41, 45-46 (1957).

19. "[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Chang v. Chen , 80 F.3d 1293, 1296 (9th Cir. 1996).

20. The Plaintiff has made a short and plain statement of his claim. That claim is viable and deserves to be heard. The Plaintiff is not looking to side step the law. The Plaintiff only wants to put forth his evidence and have the facts of his claim heard. The Plaintiff believes has met the standard to state a claim. This Court is the proper Venue, and has jurisdiction. If the Court determines that the Amended Complaint is deficient, or somehow lacking, the Plaintiff prays leave from the Court to remedy those deficiencies so that the case can be tried on its merits.

Dated this 24th day of February, 2022

Lonnie J. Washburn
ATTORNEY PRO SE
3098 S . Highland Dr. STE 101
Salt Lake City, UT 84106
Tel.: (801) 548-6884
collinlongshanks@gmail.com

## CERTIFICATE OF MAILING

I certify that I mailed a true and correct copy of OPPOSITION TO CREDITORS AND CO-DEFENDANT'S OMNIBUS MOTION TO DISMISS. to the entity listed below by first class U.S. Mail, prepaid postage.

Dated this 24th day of February. 2022.



Rodrigo Sagrado, Jr.

Elizabeth Russell
REED SMITH
1201 Market Street
Wilmington, DE 19891