## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA, *et. al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |
| LONNIE WASHBURN,<br><br>Plaintiff,<br><br>v.<br><br>BOY SCOUTS OF AMERICA, DELAWARE BSA, LLC, FUTURE CLAIMANT'S REPRESENTATITVE, THE COALITION, TORT CLAIMS COMMITTEE, CREDITOR'S COMMITTEE,<br><br>Defendants. | Adv. Case No. 21-51177 (LSS)<br><br>**Re: A.D.I. 5, 10, 12, 23, 28, 31** |

### THE BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC'S
### OPPOSITION TO PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL PLEADING

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dculver@morrisnichols.com
    dabbott@morrisnichols.com
    aremming@morrisnichols.com
    mtalmo@morrisnichols.com
    ptopper@morrisnichols.com

March 11, 2022

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
    mlinder@whitecase.com
    laura.baccash@whitecase.com
    blair.warner@whitecase.com

*Attorneys for Defendants Boy Scouts of America and Delaware BSA, LLC*

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

<u>INTRODUCTION</u>

Lonnie Washburn, plaintiff in the above-captioned adversary proceeding ("<u>Plaintiff</u>"), has moved (the "<u>Motion</u>") to supplement his First Amended Complaint (A.D.I. 31) (the "<u>FAC</u>").  As detailed below, the Motion should be denied because (i) supplementation is futile as it does not remedy the extensive pleading failures fatal to the FAC, (ii) supplementation would prejudice the Debtors (defined below), and (iii) the facts pertinent to the Debtors with which Plaintiff seeks to supplement the FAC are more appropriately the subject of an objection to confirmation of the Plan (defined below) rather than an adversary proceeding.

<u>STATEMENT OF FACTS</u>

On October 4, 2021, Plaintiff filed his original complaint and accompanying declaration (D.I. 4) seeking damages in excess of $5 million for civil conspiracy, breach of fiduciary duty and other claims, arising from the above-captioned defendants' (collectively, "<u>Defendants</u>") refusal to, among other things, engage in discussions concerning the potential settlement of his proof of claim pending the creation of a trust for the express purpose of equitably compensating holders of abuse claims under the Debtors' chapter 11 plan (D.I. 7832)[2] (as such may be amended, modified or supplemented, the "<u>Plan</u>").  On January 18, 2022, Plaintiff executed the FAC, which did not appear on the docket until January 25, 2022 (A.D.I. 5).

On February 7, 2022, the Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases, and defendants in this adversary proceeding (together, the "<u>Debtors</u>"), filed their motion to dismiss the FAC (A.D.I. 10), and accompanying brief in support thereof (A.D.I. 12)

---

[2]    "D.I." is used to reference items filed on the docket in the main bankruptcy case (Case No. 20-10343 (LSS)), while "A.D.I." is used to reference items filed on the docket in this adversary proceeding. All terms that are capitalized but not otherwise defined in this Brief have the meanings ascribed to such terms in the Plan.

(together, the "<u>Motion to Dismiss</u>").  Plaintiff filed a response to the Motion to Dismiss (A.D.I. 23), and the Debtors filed a reply (A.D.I. 28).  As a result, briefing on the Motion to Dismiss is complete and ready for adjudication by the Court.[3]

On February 25, 2022, Plaintiff filed the Motion.  On March 1, 2022, Plaintiff served the Debtors via email with his declaration (the "<u>Declaration</u>") in support of the Motion, which has not yet been docketed.  By the Motion, Plaintiff requests the following:

> [T]hat he be allowed to supplement the First Amended Complaint with the facts of The BSA's $2M settlement with Pachulski Stang, the firm's apparent conflict of interest representing the victims while settling a claim brought against firm by the BSA, the Tort Claimants Committee's and the BSA's Fiduciary Duties to the Plaintiff, additional violations, and the facts of the Tort Claimants Committee's reversal of stance on the BSA's plan.

Mot., ¶ 4.  The Declaration then discusses an "improper email" involving Pachulski, Stang, Ziehl & Jones ("<u>Pachulski</u>") (presumably referring to the email by Timothy Kosnoff sent to certain holders of abuse claims by Pachulski) and a related settlement incorporated into the Plan.  Decl., ¶¶ 31, 37. Plaintiff does not explain the relevance of these supplemental allegations to the claims asserted in the FAC or how they give rise to cognizable claims for relief against the Debtors.

Pertinent to the Debtors, however, is the Declaration's assortment of vague and difficult to understand allegations regarding the values ascribed to certain of the Debtors' assets in the Boy Scouts of America's Schedules of Assets and Liabilities (D.I. 375) (the "<u>Schedules</u>") and Statements of Financial Affairs (D.I. 376) (the "<u>Statements</u>"), although Plaintiff makes no mention of such allegations in the Motion.  Plaintiff asserts that the Debtors "knowingly and willfully attempted to mislead the Court" by purposefully ascribing values to their assets – and in

---

[3]    The other Defendants have filed motions to dismiss the FAC as well [A.D.I. 6, 7, 11, 21], and the Debtors believe that briefing on those motions is also complete.

particular, their interest in the Commingled Endowment Fund, LP and the Debtors' intellectual property – in the Schedules and Statements that is less than the assets' true values.  Decl., ¶ 4. According to Plaintiff, "the intent and effect was to make the estate look smaller," although Plaintiff does not identify or explain the purported result of this alleged "intent and effect," or how they give rise to any claim against the Debtors.  *Id.* at ¶ 10.  The Declaration also alleges without providing any detail that (i) certain Local Councils "along with the Debtors, removed at least $96,000,000 with the express intent of harboring it from creditors" (*Id.* at 15), and (ii) that certain property "owned or co-owned" by the Debtors and the non-debtor entity Arrow WV, Inc. should be made available to creditors (*Id.* at 29).  Plaintiff does not identify or explain the relief to which he believes he is entitled, or the relevance of his allegations to the allegations and causes of action asserted in the FAC, which concern the Debtors' refusal to settle Plaintiff's claim due to his status as an abuse claimant and the alleged harm caused to Plaintiff as a result thereof.

<u>ARGUMENT</u>

Rule 15(d) of the Federal Rules of Civil Procedure provides, in part, that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  It is within a court's discretion to grant or deny a request to supplement a pleading, but that "does not mean, however, that motions for supplementation should be granted automatically."  *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2019); *see also Chicago Regional Council of Carpenters v. Village of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011) (stating that "there is no absolute right to [supplement]").  Among the grounds that justify denial of leave to supplement include those where supplementation would be futile, unduly delay resolution of the case, or result in prejudice to the opposing party. *Gadbois*,

809 F.3d at 7 (citations omitted); *see also Medeva Pharma Ltd. v. American Home Products Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001) ("Leave to supplement should be granted if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties.").

The Court should deny the Motion.  First, supplementing the FAC with the allegations in the Declaration would be futile as the allegations do not remedy the extensive pleading deficiencies that require dismissal of the FAC for the reasons set forth in the Motion to Dismiss.[4]  None of the allegations pertinent to the Debtors appear to relate to the baseless claims for civil conspiracy and breach of fiduciary duty, among others, included in the FAC, and Plaintiff makes no attempt to explain how those facts give rise to cognizable claims against the Debtors.  For example, Plaintiff does not explain how the values ascribed to the Debtors' assets in the Schedules and Statements have any bearing on the actual value of the assets, the recovery to creditors in the bankruptcy cases (which is irrelevant for purposes of this adversary proceeding), or on any of the claims asserted in the FAC.  Rather, like the allegations in the FAC, the allegations in the Declaration amount to unspecified complaints of alleged wrongdoing, leaving the Debtors to guess the legal theories that Plaintiff believes entitles him to relief.

Moreover, Plaintiff's claims that the Debtors have deliberately misled the Court through the values ascribed by the Debtors to the Commingled Endowment Fund and the Debtors' intellectual property are demonstrably false.  As expressly explained in the Global Notes attached to the Schedules and Statements:

> **Part 4**: Ownership interests in subsidiaries and the BSA Commingled Endowment Fund, LP have been listed in Schedule A/B, Part 4 as undetermined

---

[4]   The arguments made in the Motion to Dismiss and the Debtors' reply in support thereof (A.D.I. 28) are repeated and incorporated by reference as if fully set forth herein.

amounts, as the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

*  *  *  *

**Part 10**. Because the Debtors do not attribute any book value to their customer lists and other intellectual property, the Debtors have listed these assets with undetermined values. The Debtors' intellectual property may include the Debtors' rights under various agreements set forth on Schedule G.

Global Notes at 8, 10. Further, with respect to any assets ascribed an "undetermined" value, the Global Notes expressly provide that "[t]he description of an amount as 'unknown,' 'TBD,' or 'undetermined' is not intended to reflect upon the materiality of such amount," and that "[a]ll totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total." *Id.* at 6. Accordingly, supplementation would be futile as Plaintiff's assertions of wrongdoing related to the Schedules and Statements are dispelled by the explanations provided in the Global Notes.[5]

Second, the Court should deny the Motion because supplementation will prejudice the Debtors. *See Medeva Pharma.*, 201 F.R.D. at 104. This baseless and inappropriate adversary proceeding has already resulted in considerable expense to the Debtors' estates, and permitting Plaintiff to supplement the FAC, particularly while the motions to dismiss are

---

[5]    Similarly, Plaintiff's conclusory allegations regarding the alleged transfer of $96 million from the Debtors' estates prior to the filing of the chapter 11 cases or the alleged, unspecified property of non-debtor Arrow WV, Inc. does not remedy the pleading failures in the FAC or entitle Plaintiff to relief. First, nowhere in the Motion or Declaration does Plaintiff set forth the legal basis (under sections 544, 547, or 548 of the Bankruptcy Code, or otherwise) pursuant to which the alleged transfer of $96 million could be recovered in this adversary proceeding, and Plaintiff has not requested derivative standing to bring any such claims. *See generally Official Comm. Of Unsecured Creditors of Cybergenics Corp. ex rel Cybergenics Corp. v. Chinery*, 330 F.3d 548 (3d Cir. 2003). This is particularly true given Plaintiff's acknowledgement that the Debtors are not the transferees of the alleged transfer, and the alleged transferees are not defendants in this adversary proceeding. Second, the Debtors have listed all of their assets, including any they own in West Virginia, in their Schedules to the extent required. Arrow WV, Inc. is a non-debtor entity and any property it owns is not property of the Debtors' estates subject to recovery by the Debtors' creditors under the Plan. *See* 11 U.S.C. § 541; Global Notes, at 9-10.

pending, will result in additional expense as the Debtors and Defendants will need to begin again the process of seeking to dismiss the adversary proceeding.  The Court should not permit the Plaintiff to inflict additional and unnecessary expense on the Debtors and their estates.

Finally, the crux of the allegations in the Declaration as they relate to the Debtors is that there is additional property that should be made available for recovery by the Debtors' creditors and other parties in interest.  The Plan sets forth the recoveries to creditors and the source of such recoveries.  Further, this adversary proceeding concerns ***Plaintiff's*** claims and alleged injury, and Plaintiff has not been granted derivative standing to assert claims on behalf of the creditor body as a whole.  Accordingly, Plaintiff's assertion, like the allegations and causes of action in the FAC, is more appropriately the subject of an objection to the Plan rather than an adversary proceeding.

<u>JOINDER</u>

To the extent not inconsistent with this Opposition, the Debtors join in and adopt as their own the arguments set forth in the *Objection of the Official Committee of Tort Claimants to Plaintiff's Motion to File Supplemental Pleading* (A.D.I. 37).

<u>CONCLUSION</u>

WHEREFORE, for all of the foregoing reasons, the Debtors respectfully request that the Motion be denied and that the Court grant such other and further relief as it deems appropriate.

March 11, 2022
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Matthew O. Talmo*
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
Paige N. Topper (No. 6470)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Email: dculver@morrisnichols.com
          dabbott@morrisnichols.com
          aremming@morrisnichols.com
          mtalmo@morrisnichols.com
          ptopper@morrisnichols.com

- and -

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

- and -

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
          mlinder@whitecase.com
          laura.baccash@whitecase.com
          blair.warner@whitecase.com

*Attorneys for Defendants*
*Boy Scouts of America and Delaware BSA, LLC*