IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
2022 MAR 18  AM 8:28
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC,[1]

Debtors.

Chapter 11

Case No. 20-10343 (LSS)

(Jointly Administered)

Adv Proc. No. 21-51177

Lonnie J. Washburn
   Plaintiff

Boy Scouts of America, Delaware BSA, LLC,
Future Claimant's Representative, The Coalition,
Tort Claims Committee, Creditors Committee

   Defendant(s)

## PLAINTIFF'S REPLY TO DEFENDANTS OBJECTION TO MORION TO SUPPLEMENT A PLEADING..

The Plaintiff in the above captioned matter, Lonnie Washburn, ("PLAINTIFF") filed a Motion To Supplement a Pleading ("MOTION"). The Defendants, Boy Scouts of America and Delaware BSA, LLC., (DEFENDANTS) filed an Objection to the Motion to Supplement, and now, the Plaintiff files this Reply to Defendants Objection ("REPLY").

### INTRODUCTION

The Plaintiff filed the MOTION TO SUPPLEMENT A PLEADING with the Court on 02/25/2022, and prepared copies for the Defendants the same day. On 03/27/2022 (2 days later) the Plaintiff saw that USPS had not picked up the Defendants copies from the Outgoing Mail. That same day, the Plaintiff delivered the Defendants copies to the USPS. The Plaintiff the notified Mr. Abbott via email (EXHIBIT A) that there had been an issue. Defendant attached an copy of the MOTION to the email, stating that he didn't want to "hamstring", or ambush The Defendants with a surprise Motion, and Mr. Abbott responded that he appreciated it.

ARGUMENT

1. Rule 15 (d) provides that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc., 668 F.2d 1014, 1057 (9th Cir. 1981).

2. Rule 15(d) gives district courts broad discretion in allowing supplemental pleadings. Fed. R. Civ. P. 15, advisory committee's note. "The rule is a tool of judicial economy and convenience. Its use is therefore favored." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988).

3. Rule 15(d) . . . is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. [Rule 15(d) motions are] [s]o useful . . . and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them. Keith, 858 F.2d at 473 (quoting New Amsterdam Casualty Co. v. Waller, 323 F.2d 20, 28-29 (4th Cir. 1963)).

4. "While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction." Id. at 474. It is enough that the claims share the same "concern." Id. If the original pleading gave defendants notice that the conduct, transaction, or occurrence is of a continuing nature, defendants should be prepared to defend against all claims arising out of it, whether they arose before or after the original complaint was filed. Wright & Miller, 6A Fed. Prac. & Proc. Civ. 2d § 1508.

5. The Defendants have failed to adequately demonstrate they would be prejudiced. Defendants claim if Plaintiff is allowed to supplement his claim, it will cost the estate more money. If that were the standard, no filings requiring a response from the Debtors would be allowed as that requires time and money as well. Given the David and Goliath nature of the Plaintiff vs. Defendants resources, and given multiple decisions the Debtors have made, it is very disingenuous for the Defendants to suggest that allowing the Plaintiff to supplement the pleadings would prejudice them.

6. The Defendants claim that allowing a supplemental pleading would be futile because it would not cure deficiencies in the FAC.

7. Rule 15(d) clearly states "The court may permit supplementation even though the original pleading is defective in stating a claim or defense".

8. Further, allowing the Plaintiff to supplement the pleadings would, in fact, set out at least one more count, and clarify the nature of the dispute. The Plaintiff alleges: i) TCC owed Victims a fiduciary duty of Loyalty, ii) Plaintiff is a Survivor of Abuse and holds and Abuse Claim, iii) TCC had a conflict of interest representing victims while negotiating the PSJZ Email Settlement, v) TCC and PSJZ abandoned the Survivors interests in favor of protecting their own interests, vi) Victims and Plaintiff were left with no representation in the process, vii) TCC objected to plan based on: A) BSA and Local Councils were left with Billions more than necessary to accomplish mission, B) Sponsors were given "get out of jail" cards with releases, C) the BSA and Local Councils let insurance companies off for less than they are obligated. viii) None of the TCCs stated objections were rectified, ix) as a direct result of the TCC's failure to place the Survivors interests above the interests of PSJZ, i) there will be less money in the trust, ii), survivors will get a lower percent of their claim, iii) survivors lost bargaining power, iv) survivors have inadequate legal representation. v) survivors will be saddled with a plan the TCC said prior, does not deliver the Justice they deserve".

9. Plaintiff Re-alleges the above allegations and events and incorporates them herein, alleging those Actions constitute Gross Negligence, Willful Misconduct, and Breach of Fiduciary Duties.

10. Plaintiff also alleges that these actions are part of continued coordinated efforts of the civil conspiracy alleged in the FAC.

## CONCLUSION

11. For The above reasons, the Plaintiff's MOTION TO SUPPLEMENT PLEADINGS should be GRANTED.

Dated this 18th day of March, 2022.

Lonnie Washburn
ATTORNEY PRO SE
3098 S. Highland Dr. STE 101
Salt Lake City, UT 84106
Tel.: (801) 548-6884
collinlongshanks@gmail.com

Certificate of Mailing



I, Rodrigo Sagrado, Jr., certify that I mailed a true and correct copy of PLAINTIFF'S REPLY TO BSA OBJECTION TO MOTION TO SUPPLEMENT PLEADINGS vis postage prepaid, USPS first class mail to:

Boy Scouts of America and
Delaware BSA, LLC
1325 West Walnut Hill Lane
Irving, TX 75038

Morris, Nichols, Arsht, Tunnell, LLP
Attn: Derek Abbott
1201 N Market Street- 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347

Dated this 18th day of March, 2022



_____
Rodrigo Sagrado, Jr.



Norris Hicks <nhicks@dlsdiscovery.net>

## New Order WASHBURN
1 message

**Collin Washburn** <collinlongshanks@gmail.com>  Fri, Mar 18, 2022 at 6:58 AM
To: orders@dlsdiscovery.net

Hello,

Please print these two attached files files, and file them at:

Delaware Bankruptcy Court
THIRD FLOOR Clerks Office
ATTN: Sara Hughes
824 N Market Street
Wilmington, DE 19801

Please return a snap shot of the documents stamped "FILED".

Thank you very much. I appreciate your efforts and attention to detail you always deliver.

Lonnie Washburn

Sent from my iPhone

---

2 attachments

- reply to tcc objection motion to supplement p1 CombinedREPLY TCC OBJECTION TO MOTION SUPPLEMENT.pdf
  2447K

- reply to bsa objection p1 CombinedREPLY TO BSA OBJECTION TO MOTION SUPPLEMENT.pdf
  2024K

FILED
2022 MAR 18  AM 8:28
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE