IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE



FILED

2022 MAR 18 AM 8:28

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

BOY SCOUTS OF AMERICA AND
DELAWARE BSA, LLC,[1]

Debtors.

Chapter 11

Case No. 20-10343 (LSS)

(Jointly Administered)

Adv Proc. No. 21-51177

Lonnie J. Washburn
   Plaintiff

Boy Scouts of America, Delaware BSA, LLC,
Future Claimant's Representative, The Coalition,
Tort Claims Committee, Creditors Committee

   Defendant(s)

## PLAINTIFF'S REPLY TO TCC'S OBJECTION TO MOTION TO SUPPLEMENT PLEADINGS

1. Again, the Defendants are attempting misframe the nature of The First Amended Complaint, this time as a 'Plan Objection'. This action was started on October 4, 2021, long before the Plan came to solidify. Neither the First Amended Complaint, nor the Motion to Supplement a Pleading is about the Plan, or objections to it. Those can be found at [Docket 9007]. As stated in prior responses, this action arises out of the Defendants actions and inactions they took as part of a civil conspiracy and for the reparations of the damages arising thereof. The Motion to Supplement a Pleading is intended to add supplemental information to the original complaint that occurred after the First Amended Complaint was filed, which bolsters the allegations and clarifies the confusion the Defendants claim to have about the First Amended Complaint. Further, the Plaintiff finds it completely disingenuous for the TCC to cite "Expense to the Debtors estates" and attempt to mislead the Court that the facts of the First Amended Complaint are more akin to a Plan Objection than to a civil action stemming from the Defendants own conduct, and then offering that as a reason for the Court to deny Plaintiffs Motion.

2. The Defendants state the Motion should only be granted "if it will promote the just disposition of the case, will not cause undue prejudice or delay, and will not prejudice the rights of any parties. The Defendants make no claim that granting Plaintiff's Motion would prejudice any rights. The Plaintiff submits that granting the Plaintiff's Motion will not cause any undue delay, and denying it would prejudice the Plaintiffs right to be heard. It is in the interest of Justice for a case to be tried on its merit, with additional facts that have come to light, than terminate it on procedural technicality, particularly when such Draconian measures as the Channelling Injunction are in place that effectively limit the Plaintiff's ability to seek Justice to this action.

3. The Defendants cite "in non-civil rights cases, the settled rule in properly requesting to AMEND [emphasis added] a complaint requires submitting a draft AMENDED COMPLAINT [Emphasis added]. This is not a Motion to Amend. It's a Motion to Supplement.
As stated, Rule 15(d) of the FRCP states "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense".

4. The Motion to Supplement is a request to add information to the First Amended Complaint. Nowhere in Rule 15 does it say that the Motion must be accompanied by an Amended version of the Complaint.

5. Plaintiff list four facts, and clearly states the subject matter and the Plaintiff seeks to add: A) the facts pertaining to the settlement between the BSA and Pachulaski Stang, B) the apparent conflict of interest with the firms representation of the victims while negotiating their own settlement with the BSA, C) the TCC's 'About face' stance on the BSA's plan, D) Additional violations of the TCC's and BSA's Fiduciary Duties since the First Amended Complaint was filed.

6. The Defendants claim both Plaintiff "recites several 'facts'", and then claims that Plaintiff did not included enough specific facts. Additional facts would be included in the SUPPLEMENTAL PLEADING, if the Court grants the MOTION TO SUPPLEMENT. For example, Plaintiff states in the Motion Plaintiff intents to add facts surrounding the PSZJ/BSA settlement. If granted, Plaintiff will add details as a) Prior to the settlement the TCC opposed the Plan on three grounds; i) First, the Plan includes settlements with local councils that leave them with billions of dollars of cash and property in excess of their current need to fulfill the mission of Scouting,, ii) chartered organizations are not paying for the broad releases of sexual abuse claims. Instead, the TCC maintains that chartered organizations are being handed a "get-out-of-jail-free card" in exchange for a transfer of their interest in the insurance policies that were purchased by the BSA., and iii) the BSA and local councils paid substantial sums to the insurance carriers in annual premiums for decades to cover the sexual abuse claims. The TCC takes issue with the free ride given to insurers by having them pay for only a small fraction of the coverage they are contractually obligated to provide. b) Those three things never changed, c) The TCC dropped all complaints and urged all Survivors to support the plan, d) the TCC's agreement to support the plan was arrived at the same time PSZJ was negotiating its settlement with the BSA. While the TCC argues they want additional facts stated about the events surrounding the settlement, the Plaintiff suggests the opposite is true.

7. The Defendants state in Paragraph 8 of their objection "TCC's bankruptcy counsel, Pachulski, Stang, Ziegler & Jones, LLP ("PsJ") does not "represent" the victims" and shares an attorney-client privilege only with the TCC itself, not with any survivor. contrary to plaintiffs repeated assertions, the TCC does not, as a matter of law, or a fiduciary duty to individual creditors— its fiduciary duty runs only "to the class of creditors that the committee represents (ie its constituency). Neither the TCC, the TCC individual members, nor the TCC professionals (including PSZJ) owe a fiduciary duty to the Plaintiff individually. Moreover section 1103(c) of the bankruptcy code provides for a broad grant of immunity to members and professionals for official committees like the TCC, EXCEPT FOR INSTANCES OF WILLFUL MISCONDUCT AND ULTRA VIRES ACTS" [My emphasis].

8. First, Plaintiff would like to make it abundantly clear that Plaintiff has never stated that the TCC owed him an individual duty, Plaintiff has asserted that the TCC owes all Survivors a Fiduciary Duty, which they have violated. Plaintiff would not disagree that the TCC has breached its Fiduciary Duty to every Survivor.

9. Also, For the avoidance of doubt, the First Amended Complaint clearly alleges the TCC (and other Defendants), among other things, Breached their Fiduciary Duties, committed Willful Misconduct and Intentional Gross Negligence.

10. The TCC has continually held itself out to be the Official Representative of BSA Abuse Survivors. "The TCC was appointed by the Office of the United States Trustee as the official representative for all survivors of childhood sexual abuse and it will not sell out survivors for a quick pay that does not deliver the justice they deserve" (PSZJ Press release).

11. Also from PSZJ, (Docket 2304) 2nd to last paragraph, " PLEASE TAKE FURTHER NOTICE that the Tort Claimant's Committee is composed of nine survivors who were elected by the Office of the United States Trustee (a Division of the U.S. Department of Justice) to represent the interests of similar Survivors. As an official committee, the Tort Claimants Committee, HAS A FIDUCIARY DUTY TO ALL SURVIVORS" [Emphasis added].— James E. O'Neil PACHULSKI STANG ZIEL & JONES, LLP

12. The Supreme Court has instructed the Courts to liberally construe the filings of pro se litigants. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam)).

13. The Supreme Court has also said that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Crowley v. Bannister, 734 F.3d 967, 977–78 (9th Cir. 2013).

8. First, Plaintiff would like to make it abundantly clear that Plaintiff has never stated that the TCC owed him an individual duty, Plaintiff has asserted that the TCC owes all Survivors a Fiduciary Duty, which they have violated. Plaintiff would not disagree that the TCC has breached its Fiduciary Duty to every Survivor.

9. Also, For the avoidance of doubt, the First Amended Complaint clearly alleges the TCC (and other Defendants), among other things, Breached their Fiduciary Duties, committed Willful Misconduct and Intentional Gross Negligence.

10. The TCC has continually held itself out to be the Official Representative of BSA Abuse Survivors. "The TCC was appointed by the Office of the United States Trustee as the official representative for all survivors of childhood sexual abuse and it will not sell out survivors for a quick pay that does not deliver the justice they deserve" (PSZJ Press release).

11. Also from PSZJ, (Docket 2304) 2nd to last paragraph, " PLEASE TAKE FURTHER NOTICE that the Tort Claimant's Committee is composed of nine survivors who were elected by the Office of the United States Trustee (a Division of the U.S. Department of Justice) to represent the interests of similar Survivors. As an official committee, the Tort Claimants Committee, HAS A FIDUCIARY DUTY TO ALL SURVIVORS" [Emphasis added].— James E. O'Neil PACHULSKI STANG ZIEL & JONES, LLP

12. The Supreme Court has instructed the Courts to liberally construe the filings of pro se litigants. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam)).

13. The Supreme Court has also said that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Crowley v. Bannister, 734 F.3d 967, 977–78 (9th Cir. 2013).

14. It is improper to suggest that now Justice must be hurried, or denied so the Defendants may quickly exit bankruptcy. The Defendants have been ignoring and or refusing legitimate discovery requests since October 4th,

15. The Plaintiff is a lay person, and represents himself because he cannot afford to hire an attorney. The Plaintiff maintains there is enough information in the First Amended Complaint upon which a cause of action can be made. If the Court disagrees, it is only just to allow the Plaintiff leave to amend the Complaint. This is not a frivolous case. It is not a "Plan Objection", and should not be dismissed and effectively barred for life. The Plaintiff is subject to a channelling injection, temporary stay, and is left with this venue as the only source of Justice. The Plaintiff deserves to be heard and present his evidence. It is in the best interest of all cases to be decided on the merits, rather than thrown out on procedural issues. The Plaintiff prays the Court to allow his case to be heard and judged on the merits.

Dated this 18 th day of March, 2022.

Lonnie Washburn
ATTORNEY PRO SE
3098 S. Highland Dr. STE 101
Salt Lake City, UT 84106
Tel.: (801) 548-6884
collinlongshanks@gmail.com

Certificate of Mailing




I, Rodrigo Sagrado, Jr., certify that I mailed a true and correct copy of PLAINTIFF'S REPLY TO TCC OBJECTION TO MOTION TO SUPPLEMENT PLEADINGS vis postage prepaid, USPS first class mail to:

Tort Claimants Committee
Pachylski, Stang, Ziehl, and Jones
919 North Market Street STE 1700
Wilmington, DE 19801

Dated this 18th day of March, 2022



Rodrigo Sagrado, Jr.



**Norris Hicks** <nhicks@dlsdiscovery.net>

**New Order WASHBURN**
1 message

**Collin Washburn** <collinlongshanks@gmail.com>                                   Fri, Mar 18, 2022 at 6:58 AM
To: orders@dlsdiscovery.net

Hello,

Please print these two attached files files, and file them at:

Delaware Bankruptcy Court
THIRD FLOOR Clerks Office
ATTN: Sara Hughes
824 N Market Street
Wilmington, DE 19801

Please return a snap shot of the documents stamped "FILED".

Thank you very much. I appreciate your efforts and attention to detail you always deliver.

Lonnie Washburn

Sent from my iPhone

---

2 attachments

- reply to tcc objection motion to supplement p1 CombinedREPLY TCC OBJECTION TO MOTION SUPPLEMENT.pdf
  2447K

- reply to bsa objection p1 CombinedREPLY TO BSA OBJECTION TO MOTION SUPPLEMENT.pdf
  2024K

FILED
2022 MAR 18  AM 8:28
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE