# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA, *et. al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |
| LONNIE WASHBURN,<br><br>Plaintiff,<br><br>v.<br><br>BOY SCOUTS OF AMERICA, DELAWARE BSA, LLC, FUTURE CLAIMANT'S REPRESENTATITVE, THE COALITION, TORT CLAIMS COMMITTEE, CREDITOR'S COMMITTEE,<br><br>Defendants. | Adv. Case No. 21-51177 (LSS)<br><br>Re: A.D.I. 46 |

## THE BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC'S OPENING BRIEF IN SUPPORT OF MOTION TO STAY DISCOVERY OR, IN THE ALTERNATIVE, EXTEND DEADLINES TO COMPLY WITH DISCOVERY OBLIGATIONS

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dculver@morrisnichols.com
      dabbott@morrisnichols.com
      aremming@morrisnichols.com
      mtalmo@morrisnichols.com
      ptopper@morrisnichols.com

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
      mlinder@whitecase.com
      laura.baccash@whitecase.com
      blair.warner@whitecase.com

April 1, 2022

*Attorneys for Defendants Boy Scouts of America and Delaware BSA, LLC*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

i.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ...............................................................................................................1

STATEMENT OF FACTS ..................................................................................................1

ARGUMENT .......................................................................................................................3

    I.    THE COURT SHOULD EXERCISE ITS BROAD DISCRETION TO STAY DISCOVERY PENDING ADJUDICATION OF THE MOTION TO DISMISS AND MOTION TO SUPPLEMENT. ..............................3

        A.    A Stay Will Simplify The Issues And Trial Of The Case. ..........................4

        B.    Discovery Should Be Stayed Because Discovery Has Not Begun And No Trial Date Has Been Set. .....................................................5

        C.    A Stay Does Not Unduly Prejudice Or Disadvantage Plaintiff. .......................................................................................................6

    II.    ALTERNATIVELY, THE COURT SHOULD EXTEND THE DEADLINES FOR THE PARTIES TO COMPLY WITH DISCOVERY OBLIGATIONS. .........................................................................7

CONCLUSION ....................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

Cases

*Actelion Pharm. Ltd. v. Apotex Inc.*,
    2013 WL 5524078 (D.N.J. Sept. 6, 2013) ............................................................. 4, 5, 6

*Chudasama v. Mazda Motor Corp.*,
    123 F.3d 1353 (11th Cir. 1997) ...................................................................................... 3

*Cooper Notification, Inc. v. Twitter, Inc.*,
    2010 WL 5149351 (D. Del. Dec. 13, 2010) ................................................................... 4

*In re Fine Paper Antitrust Litig.*,
    685 F.2d 810 (3d Cir. 1982) ............................................................................................ 3

*In re Pincus*,
    280 B.R. 303 (Bankr. S.D.N.Y. 2002) ............................................................................ 8

*Kaavo Inc. v. Cognizant Tech. Sols. Corp.*,
    2015 WL 1737476 (D. Del. Apr. 9, 2015) .................................................................. 4, 6

*Loumiet v. U.S.*,
    225 F. Supp. 3d 79 (D.D.C. 2016) ................................................................................. 3

*Mann v. Brenner*,
    375 F. App'x 232 (3d Cir. 2010) .................................................................................... 3

*Petrus v. Bowen*,
    833 F.2d 581 (5th Cir. 1987) .......................................................................................... 3

Statutes and Other Authorities

11 U.S.C. § 105 ........................................................................................................................ 8

Fed. R. Bankr. P. 7007 ............................................................................................................. 2

Fed. R. Bankr. P. 7016 ............................................................................................................. 6

Fed. R. Bankr. P. 9006 ............................................................................................................. 8

Fed. R. Civ. P. 26 ................................................................................................................. 2, 7

Fed. R. Civ. P. 33 ..................................................................................................................... 7

Fed. R. Civ. P. 34 ..................................................................................................................... 7

Fed. R. Civ. P. 36 ..................................................................................................................... 7

1.

## INTRODUCTION

The Boy Scouts of America and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases and defendants in this adversary proceeding (together, the "Debtors"), submit this opening brief in support of their motion (A.D.I. 46)[2] (together with this brief, the "Motion") to (a) stay discovery pending adjudication of the Motion to Dismiss and Motion to Supplement (as such terms are defined below), or (b) in the alternative, extend the deadlines for the parties to comply with any discovery-related obligations until thirty days after adjudication of the Motion to Dismiss and Motion to Supplement. As described in greater detail below, the Court should grant the Motion because (i) granting the Motion to Dismiss and denying the Motion to Supplement will completely dispose of this adversary proceeding, (ii) the adversary proceeding is in its early stages and a stay or extension will not interfere with any pretrial or trial schedule, and (iii) Plaintiff will not be prejudiced by a stay or extension, but the Debtors will face undue burden and expense if discovery is not stayed or the related deadlines are not otherwise extended.

## STATEMENT OF FACTS

On October 4, 2021, Plaintiff filed his original complaint and accompanying declaration (A.D.I. 4) seeking damages in excess of $5 million for civil conspiracy, breach of fiduciary duty and other claims, arising from the above-captioned defendants' (collectively, "Defendants") refusal to, among other things, engage in discussions concerning the potential settlement of his proof of claim pending the creation of a trust for the express purpose of equitably compensating holders of abuse claims under the Debtors' chapter 11 plan (D.I. 7832) (as such may be amended, modified or supplemented, the "Plan"). On January 18, 2022,

---

[2] "D.I." is used to reference items filed on the docket in the main bankruptcy case (Case No. 20-10343 (LSS)), while "A.D.I." is used to reference items filed on the docket in this adversary proceeding.

2.

Plaintiff executed his First Amended (the "FAC"), which was filed on the docket on January 25, 2022 (A.D.I. 5).

On February 7, 2022, the Debtors filed their motion to dismiss the FAC (A.D.I. 10) and accompanying brief in support thereof (A.D.I. 12) (together, the "Motion to Dismiss"). Plaintiff filed a response to the Motion to Dismiss (A.D.I. 23), and the Debtors filed a reply (A.D.I. 28). The Debtors have since filed a notice of completion of briefing on the Motion to Dismiss in accordance with Local Rule 7007-4. Accordingly, the Motion to Dismiss is ready for adjudication by the Court. The other Defendants have also filed motions to dismiss the FAC (A.D.I. 6, 7, 11, 21), and the Debtors believe that briefing is complete and those motions are also ready for adjudication by the Court.

On February 25, 2022, Plaintiff moved to supplement the FAC (the "Motion to Supplement") (A.D.I. 31). On March 11, 2022, the Debtors filed an opposition to the Motion to Supplement (A.D.I. 39). The Official Committee of Tort Claimants (the "TCC") and the Coalition of Abused Scouts for Justice have also filed oppositions to the Motion to Supplement (A.D.I. 37, 44). Plaintiff has filed replies to the oppositions of the Debtors and TCC (A.D.I. 41, 42), and the Debtors believe that briefing on the Motion to Supplement is complete.

On March 2, 2022, Plaintiff contacted counsel to the Debtors seeking to schedule a conference under Rule 26(f) of the Federal Rules of Civil Procedure (the "Federal Rules") so that he may begin serving discovery on the Debtors. In response, the Debtors proposed that discovery be stayed pending the outcome of Defendants' motions to dismiss (i) to avoid the waste of estate money and resources on discovery that may be unnecessary and (ii) because substantially all of the Debtors' efforts and attention are focused on the ongoing Plan confirmation hearing. Plaintiff rejected the Debtors' proposal. The Debtors have since reiterated

their position and offered to meet and confer with Plaintiff.  The Debtors also informed Plaintiff of their intention to seek a stay of discovery.

ARGUMENT

I. THE COURT SHOULD EXERCISE ITS BROAD DISCRETION TO STAY DISCOVERY PENDING ADJUDICATION OF THE MOTION TO DISMISS AND MOTION TO SUPPLEMENT.

The Motion is supported by the applicable legal authority and should therefore be granted.  "[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court."  *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982).  "In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile."  *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1954 (2009)); s*ee also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *Loumiet v. U.S.*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016) ("In fact, it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.").  As one court has explained, "[a]llowing a case to proceed through the pretrial processes with an invalid claim that increases the cost of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system."  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).

Courts in this district deciding a motion to stay proceedings consider "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause

the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015) (citations omitted). "[T]he overall balance could be tipped in favor of a stay even if proceeding with the litigation will cause no undue hardship or prejudice to the party seeking a stay." *Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at *2 (D. Del. Dec. 13, 2010).

As described in greater detail below, each of the foregoing factors weighs decisively in favor of granting a stay of discovery pending adjudication of the Motion to Dismiss and the Motion to Supplement.

A.   <u>A Stay Will Simplify The Issues And Trial Of The Case.</u>

As previously mentioned, that a dispositive motion would completely dispose of a case and eliminate the need for discovery weighs in favor of staying proceedings pending a decision on the motion. *See, e.g.*, *Kaavo*, 2015 WL 1737476, at *1 ("The fact that the motion, if resolved a certain way, could be entirely case-dispositive as to all asserted claims . . . (and thus, of the entire suit against all Defendants seeking a stay), is certainly a fact inuring to Defendants' benefit here."). A court need only find that the underlying motion to dismiss is not "without basis, frivolous, or filed solely for a dilatory purpose" in order to find this factor weighs in favor of a stay. *Actelion Pharm. Ltd. v. Apotex Inc.*, 2013 WL 5524078, at *6 (D.N.J. Sept. 6, 2013). In other words, the Court should consider whether the motion to dismiss does "not appear to be without foundation in law" in assessing whether a stay would simplify the issues and the trial of the case. *Id.* at *3.

Here, granting the Motion to Dismiss and denying the Motion to Supplement would result in dismissal of all claims against the Debtors and eliminate the need for discovery. Further, the Motion to Dismiss and the Debtors' opposition to the Motion to Supplement are not

frivolous and have not been filed for a dilatory purpose as they provide a compelling basis to dismiss the FAC in its entirety with prejudice without leave to supplement or amend. As set forth in greater detail in the Motion to Dismiss, the FAC combines various asserted causes of action with baseless and conclusory factual and legal allegations in an effort to side-step carefully crafted aspects of the Plan and force the Debtors to settle Plaintiff's claim, although Plaintiff is entitled to no such relief.[3] Moreover, it is clear from the Motion to Supplement and Plaintiff's response to the Motion to Dismiss that the FAC actually amounts to an objection to various provisions of the Debtors' chapter 11 plan, which are the subject of the currently ongoing confirmation hearing. Should the Court confirm the Plan, Plaintiff's confirmation objections that are the basis of the FAC will become moot. Therefore, a stay will greatly simplify the issues and trial of the case and weighs definitively in favor of granting the Motion.

        B.        **Discovery Should Be Stayed Because Discovery Has Not Begun And No Trial Date Has Been Set.**

The second factor also favors granting the Motion. Courts consider the stage of the proceedings and whether the stay motion was filed shortly after the filing of the complaint. For instance, in granting a motion to stay discovery, the court in *Actelion Pharmaceuticals* noted that the motion to stay discovery was filed approximately four months after filing of the complaint, the case was in its "initial stages" and that "no trial date has been set." *Id.* at *6. According to the court, "Such temporal proximity supports the issuance of a stay because no party has engaged in significant production or protracted motion practice." *Id.*

Similarly, it cannot be disputed that the instant adversary proceeding is in its early stages. The Motion is being filed approximately three months after the FAC was served and

---

[3] The arguments made in (i) the Motion to Dismiss and the Debtors' reply in support thereof (A.D.I. 28) and (ii) the Debtors' opposition to the Motion to Supplement (A.D.I. 39) are repeated and incorporated by reference as if fully set forth herein.

before discovery has commenced or any other pretrial or trial deadlines have been established. Indeed, no scheduling order has been entered and the initial pre-trial conference contemplated by Local Rule 7016-1 has not been scheduled, let alone held. Accordingly, a stay would not disrupt any preexisting schedule and would allow the parties to conserve their resources while the Court evaluates the Motion to Dismiss (and the other Defendants' motions to dismiss) and the Motion to Supplement.

        C.     A Stay Does Not Unduly Prejudice Or Disadvantage Plaintiff.

The final factor also conclusively weighs in favor of granting the Motion. A court should consider the costs and burdens associated with discovery when weighing the prejudice factor. *See Actelion*, 2013 WL 5524078, at *3 ("The power to stay proceedings 'calls for the exercise of judgment, which must weigh competing interests' and 'balance' the hardships with respect to the movant and non-movant.") (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). Courts recognize that the "potential cost of discovery establishes a specific and substantiated risk of harm" to the party seeking a stay. *Id.* at *4. Mere delay in proceeding with discovery is insufficient to find a stay is unwarranted. *See id.* ("At present, the Court finds that the delay in resolving the Plaintiffs' dispositive motion does not, without more, establish that undue prejudice will result from issuance of a stay."). "While demonstrating that it would face undue hardship or prejudice in the absence of a stay can be beneficial to the moving party in the stay calculus, the moving party is not required to put forward such evidence in order to have its motion granted." *Kaavo*, 2015 WL 1737476, at *4 n.10 (citations omitted).

Here, there is no risk of undue prejudice or clear tactical disadvantage to Plaintiff. Should the Court deny the Motion to Dismiss or grant the Motion to Supplement, any discovery sought by Plaintiff will remain just as available following a stay, so Plaintiff is not prejudiced.

Conversely, however, if this Motion is denied, the Debtors will suffer undue hardship through the expenditure of substantial costs and resources in responding to discovery that ultimately may not be warranted or necessary. More importantly, the Debtors believe that adjudication of the Motion to Dismiss and Motion to Supplement is necessary so that, in the event the adversary proceeding continues beyond the pleading stage, discovery can proceed efficiently. As described at length in the Debtors' briefing on the Motion to Dismiss and the Motion to Supplement, not only do Plaintiff's claims and assertions lack merit, but many of Plaintiff's purported causes of action are not valid causes of action. Further, much of the FAC and Motion to Supplement is vague and confusing, and the alleged wrongdoing Plaintiff asserts is unclear. Therefore, the Debtors submit that adjudication of the Motion to Dismiss and Motion to Supplement is necessary to establish which allegations and purported claims, if any, will remain at issue and subject to discovery.

II. **ALTERNATIVELY, THE COURT SHOULD EXTEND THE DEADLINES FOR THE PARTIES TO COMPLY WITH DISCOVERY OBLIGATIONS.**

The Federal Rules, to the extent applicable to this adversary proceeding pursuant to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") establish various deadlines governing discovery in an adversary proceeding. For example, the Federal Rules require, among other things, (i) the scheduling of discovery conference (Fed. R. Civ. P. 26(f)), (ii) the service of initial disclosures (Fed. R. Civ. P. 26(a)), and (iii) responding by certain deadlines to interrogatories (Fed. R. Civ. P. 33(b)), document requests (Fed. R. Civ. P. 34(b)(2)) and requests for admission (Fed. R. Civ. P. 36(a)(3)), all of which are applicable to this adversary proceeding pursuant to the Bankruptcy Rules.

8.

Bankruptcy Rule 9006(b) permits the Court to extend unexpired time periods for "cause":

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P 9006(b). Moreover, section 105 of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to take actions and implement procedures necessary to administer a bankruptcy case. *See In re Pincus*, 280 B.R. 303, 311 (Bankr. S.D.N.Y. 2002); 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

Here, for all of the foregoing reasons described in Section I *supra*, which the Debtors will not burden the Court with repeating, more than sufficient cause exists for the Court to extend any and all discovery-related deadlines established by the Federal Rules, Bankruptcy Rules and Local Rules until thirty days after the Court adjudicates the Motion to Dismiss and Motion to Supplement. Such an extension will, among other things, serve to reduce the burden of unnecessary discovery on the parties, conserve scarce debtor resources and promote judicial economy.[4]

---

[4] Pursuant to Local Rule 9006-2, if a motion to extend time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or order of the Court, the time shall automatically be extended until the Court acts on the motion, without the necessity of a bridge order. Accordingly, all discovery-related deadlines are extended until the Court acts on this Motion.

9.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Debtors respectfully request that the Court stay discovery or, in the alternative, extend the time for parties to comply with discovery-related deadlines, and grant such other and further relief as it deems appropriate.

April 1, 2022
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Matthew O. Talmo*
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
Paige N. Topper (No. 6470)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Email: dculver@morrisnichols.com
    dabbott@morrisnichols.com
    aremming@morrisnichols.com
    mtalmo@morrinsichols.com
    ptopper@morrisnichols.com

- and -

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

- and -

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
    mlinder@whitecase.com
    laura.baccash@whitecase.com
    blair.warner@whitecase.com

*Attorneys for Defendants*
*Boy Scouts of America and Delaware BSA, LLC*