## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Adv Proc. No. 21-51177 |

Lonnie J. Washburn
   Plaintiff

Boy Scouts of America, Delaware BSA, LLC,
Future Claimant's Representative, The Coalition,
Tort Claims Committee, Creditors Committee

   Defendant(s)

---

**PLAINTIFF'S REPLY TO DEBTORS RESPONSE TO WASHBURN'S MOTION FOR RULE 2004-1 EXAMINATION AND PRODUCTION OF DISCOVERY RECORDS HELD BY NATIONAL BSA AND LOCAL COUNCIL CROSSROADS OF THE WEST COUNCIL AND RENEWED REQUEST FOR RULE 2004-1 EXAMINATION**

Lonnie Washburn, the (Plaintiff), respectfully submits this (REPLY) to the Debtors (RESPONSE) to WASHBURN'S (MOTION) for a Rule 2004-1 Examination, and states the following:

PRELIMINARY STATEMENT

The Plaintiff sent his first request for a Rule 2004-1 examination to the Debtors on 08/22/2021. While it is true that the Plaintiff filed a Rule 2004-1 Motion with the Court on the the same day he filed his Adversary Action, the Debtors fail to mention that the Plaintiff made two written attempts in the two months prior to filing the Adversary action that the Debtors ignored. Further, it is the position of the Plaintiff that the Debtors Motion, including any jointers, was not filed in a timely matter, coming almost eight months after the Plaintiff sent his first request. For this reason. The Plaintiff believes the Debtors response should not be considered.

## FACTS

1. On 07/11/2019 National Boy Scouts of America CFO Michael Ashline created Texas BSA, LLC, and listed himself as the Organization's President.

2. He is the only person ever named in documents.

3. Texas BSA, LLC was headquartered in Austin, TX, 200 miles from BSA Headquarters, at a building that houses a Registered Agent Service and a bank that services trusts.

4. Delaware BSA, LLC uses the same mailing address as the Boy Scouts of America's headquarters.

5. Texas BSA, LLC Headquarters is two hundred miles away in a bank building with no signage indicating it's presence.

6. Michael Ashline is listed as President and Director of Texas BSA, LLC, with no other names appearing.

7. On 07/26/2021, Texas BSA, LLC was voluntarily dissolved by Michael Ashline.

8. On 03/20/2019, National BSA CFO, Michael Ashline transferred a 54,000 square foot warehouse owned by Boy Scouts of America to a company called Tisara, LLC.

9. Tisara, LLC is owned by Ravi and Rajesh Amin, who appear to be part of a New Jersey scouting family.

10. Mr. Ashline's signature is on an unrecorded lease that has no details of rent, or term of any kind.

11. The property is located at 1327 West Walnut Hill Lane, Irving, TX, next door to the BSA National Headquarters.

12. The warehouse has been listed for sale on the Dallas, TX real estate market at least since October 2021, with an asking price of $9M.

13. Ravi Amin is listed as the buildings Agent/Broker.

14. On, or about 08/17/201, the Plaintiff contacted the Local Council chaged with storing scouting records in his area.

15. Plaintiff was denied access to the records and told the records were in boxes, not indexed, and therefore, they would not be able to help him

16. The Plaintiff made his first Rule 2004-1 request to examine BSA CFO, Michael Ashline, to the Debtors on 09/22/2022. The Debtors ignored that written request.

17. On 10/13/2021 The Plaintiff followed up his original requests for a Rule 2004-1 Examination with a letter affirming his desire to speak with Michael Ashline.

18. On 10/04/2021. The Plaintiff filed an Adversary Action with the Court based on actions and inactions of the Defendants while operating as part of a civil conspiracy. Those actions include, but not limited to, Unlawful Discrimination, Breach of Fiduciary Duties, Willful Misconduct, Intentional Gross Negligence, and other circumstances, events unrelated to the basis for the Rule 2004 Examination.

19. On 10/04/2021, In a completely separate matter, the Plaintiff filed a Motion with the Court for Rule 2004 Examination because Plaintiff's two prior written requests were ignored.

20. The basis for the for the Rule 2004-1 request is two fold, the first is to obtain documentation held by the National BSA and the Local Council, Crossroads of the West Council that are critical to the Plaintiff's Direct Abuse claim because they verify the Plaintiff's involvement in the BSA, a prerequestite to successfully collecting on the Plaintiff's Direct Abuse claim, as well as a requirement for Plaintiff to obtain funding from the National BSA for counseling.

21. The second basis for the Rule 2004-1 Examination of Michael Ashline is to gain knowledge of National BSA's assets, financial condition, and more importantly, gain information regarding potentially illegal property transfers, removing money to avoid creditors, which occurred after talks of declaring bankruptcy had begun, and just months prior to the BSA filing for Bankruptcy.

ARGUMENT

The 2004-1 Motions should be GRANTED for the following reasons:

22. The Plaintiff made his request for a 2004-1 Examination, in part, to get his scouting records so that he could receive benefits, including free counseling. The documents are also vital to the Plaintiff's ability ability to prove his participation in scouting, a requirement set by the Debtors for payment of Direct Abuse claims. That, alone meets the Good Cause standard.

23. Mr. Ashline is both the only person with first hand knowledge of some of these actions. He is the CFO of the BSA, and has been conspicuously absent from this Bankruptcy. Requiring him to give an accounting of his official actions as CFO does not prejudice nor unduly inconvenience the Debtors, or Mr. Ashline personally. As Chief Financial Officer, it's his job. Not allowing Mr. Ashlineline would be outrageous and unjust. Hundreds of millions of dollars are in question. Mr. Ashline has never appeared for deposition, at trial, or in any other venue that the Plaintiff, or anyone else could question him. Therefore, not allowing the examination of Mr. Ashline would be both unjust, and it would harm the Plaintiff tremendously because Mr. Ashline is the sole source for much of this information.

24. The Boy Scouts of America is a multi billion dollar corporation. Mr. Ashline sitting for an examination is not a significant burden for Debtors. It does not even come close to outweighing the importance of locating assets, that could potentially result in scores of millions of dollars returned to the Plaintiff and other creditors, and the furtherance of Justice.

25. Mr. Ashline can be thoroughly questioned within the scope of this Rume 2004-1 examination without coming close to any of the issues covered by the Adversary Action. As CFO of the organization declaring bankruptcy. And as the single actor in many critical events, Michael Ashline must be questioned regarding these events.

26. The Debtors suggest that the Plaintiff should pursue discovery through Rules of Civil Procedure, yet have made every attempt to stop discovery in that forum as well. The plaintiff will, in fact pursue discovery related to the Adversary Procedure in that forum, but a Rule 2004 examination is the appropriate forum to question Mr. Ashline on matters that have no relation to the Adversary Action.

## CONCLUSION

27. For the foregoing reasons, the plaintiff prays the Court for relief in the form of an GRANTING the Plaintiffs Motion for a Rule 2004-1 examination of BSA CFO Michael Ashline, and

28. Issuing an ORDER requiring Michael Ashline to sit for a Rule 2004-1 Examination within 30 days of the date the order is signed.

I swear, under penalty of perjury, that the above information is true and correct to the best of my knowledge and belief.

Dated this 10th day of May, 2022.

Lonnie Washburn
ATTORNEY PRO SE
3098 S. Highland Dr. STE 101
Salt Lake City, UT 84106
Tel.: (801) 548-6884
collinlongshanks@gmail.com

# CERTIFICATE OF SERVICE

I certify that I mailed a true and correct copy of the attached REPLY TO RESPONSE To MOTION FOR RULE 2004-1 EXAMINATION RELIEF via U.S.P.S. first class mail, postage prepaid, to the following:

Boy Scouts of America and
Delaware BSA, LLC
1325 West Walnut Hill Lane
Irving, TX 75038

Unsecured Creditors Committee
Reed Smith, LLP
ATTN: Kurt F. Gwynne
1201N Market Street STE 1500
Wilmington, DE 19801

BROWN RUDNICK LLP
David J. Molton, Esquire
Eric R. Goodman
Seven Times Square
New York, New York 10036

Tort Claimants Committee
Pachylski, Stang, Ziehl, and Jones
919 North Market Street STE 1700
Wilmington, DE 19801

Morris, Nichols, Arsht, Tunnell, LLP
Attn: Derek Abbott
1201 N Market Street- 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347

Future Claimants Representative
Kenneth N. Enos
Rodney Square 1000 N King Street
Wilmington, DE 19801

MONZACK MERSKY & BROWDER, P.A.
Attn: Rachel B. Mersky
1201 N. Orange Street, Suite 400
Wilmington, Delaware 19801

Dated this 10th day of May, 2022.

_____

Rodrigo Sagrado, Jr.