IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br>Adv Proc. No. 21-51177 |

Lonnie J. Washburn
    Plaintiff

Boy Scouts of America, Delaware BSA, LLC,
Future Claimant's Representative, The Coalition,
Tort Claims Committee, Creditors Committee

    Defendant(s)



## PETITION FOR DECLARATORY RELIEF

For his Complaint Plaintiff, Lonnie J. Washburn, a claim holder in the Boy Scouts of America and Delaware BSA, LLC Bankruptcy case, avera the following:

### THE PARTIES

1. The Plaintiff is a claim holder in the Boy Scouts of America and Delaware, BSA, LLC Bankruotcy case, and has filed an Adversary Action before this Court.

2. The Defendants, Boy Scouts of America and Delaware BSA, LLC, filed a voluntary petition for bankruptcy protection with this Court.

3. The Defendants, The Tort Claimants Committee was appointed by the Court to represent the interests of the victims in the above titled case.

4. The Creditors Committee was appointed by this Court to represent the interests of the unsecured creditors in the above captioned case.

5. The Future Claimants Representative was appointed by this Court to protect the interests of future claimants in the above captioned case.

6. The Coalition has been involved in negotiations, and crafting the Plan, influencing decisions, and filing briefs and other filings in the above captioned case.

## VENUE AND JURISDICTION

7. Jurisdiction is proper in this Court because the litigation arises out of Federal Bankruptcy Law, the Debtors voluntarily filed their petition for bankruptcy protection with this Court, the Plaintiff and the remaining Defendants are subject to Personal Jurisdiction of this Court by way of appointment by the Court, and involvement in the Plaintiff's Adversary Action.

8. Venue is proper under Title 11 of U.S,C.

9. An actual case or controversy has arisen between the parties. The Plaintiffs asserts that his claim as stated in the Adversary Action currently before this Court should be classified as a "Non-Abuse" claim, and should be treated the same as all other "Non-Abuse" litigation claims have been treated under this case. The Debtors and Defendants claim argue that any claim alleging Gros Negligence, Intentional Misconduct, and Breach of Fiduciary Duties should be classified as a "Direct Abuse" claim. This view and attempt to misclassify the Plaintiff's claim, inflicts harm on the Plaintiff, including, but not limited to, depriving Plaintiff of Due Process, as well as fair treatment under the Fair and Equitable standard of Federal Bankruptcy law.

Plaintiff also contends that the law does not support the Debtors adding all of their codefendants as protected parties in their bankruptcy plan.

## 1. GENERAL ALLEGATIONS

10. The Defendants have continued to act in concert to deny the Plaintiff of fundamental fairness.

11. After the Plaintiff filed his Adversary Action, the Debtors re-wrote the Plan's definition of a "Direct Abuse" claim to include Gross Negligence, Intentional Misconduct, and Breach of Fiduciary Duties, the very same allegations at the base of the Plaintiffs complaint.

12. After the Plaintiff filed his action, in an attempt to indemnify their co-defendants, the Debtors added all of their co-defendants as protected parties in their bankruptcy plan.

13. Plaintiff alleges 11., 12. above were done intentionally to circumvent the protections provided by the Fair and Equitable standard and other fundamental tenants of basic fairness contained in the bankruptcy code.

14. The Defendants actions unfairly discriminate against the Plaintiff, and if not corrected, will result in the uneven application of bankruptcy rules, and will result in financial loss for the Plaintiff, as well as release every defendant of responsibility for their actions.

15. Plaintiff alleges that the above listed desperate actions of the defendants are further evidence of the civil conspiracy alleged in the Plaintiff's complaint.

## THE PRESENT DISPUTE

16. The Debtors and other Defendants are attempting to circumvent the law and turn the Fair and Equitable standard on its head so they can treat the Plaintiff unfairly and unequally to the standards they have applied to other members of the Non-Abuse litigation class.

17. The Debtors created these classes of "Direct Abuse" and "Everyone Else", and they populated them as well.

18. Their only option now is to change the meaning of words, and call Gross Negligence sex abuse.

19. Justice only occurs in bankruptcy law if the checks and balances are maintained.

20. The defendants can not be allowed to change the rules in the middle of the game; rules and definitions they, themselves wrote.

21. Nor must they be allowed to pass out "Protected Party" passes to their cronies like the rest are Valentines. It's a blatant attempt to ignore both the law, and basic principles of public policy. Everyone has the right and expectation to be treated evenhandedly in Court.

## 2. CLAIMS FOR RELIEF

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 inclusive..

23. The Defendants have intentionally misclassified the Plaintiff's claim that arises from the Defendants actions and participation in a civil conspiracy, Gross willful Negligence, Intentional Misconduct, and Breach of Fiduciary Duties, which resulted in said financial damages, inadequate legal protection, and other damages as previously stated.

24. An actual, present and justiciable controversy has arisen between Plaintiff and Defendants concerning the targeted misclassification of the Plaintiff Adversary Action claim, and well as the Debtors attempt to pardon themselves and the other Defendants.

25. Plaintiff seeks declaratory judgment from this Court that properly classifies the Plaintiff's Adversarial Action-related claim as a "Non-Abuse Litigation" claim, and that none of the Defendants are classified as Protected Parties as far as the Plaintiff's Adversarial Action-related claim is concerned.

## PRAYER FOR RELIEF

26. WHEREFORE, the Plaintiff, Lonnie Washburn respectfully requests the Court for relief in the form of a Declaratory Judgement according to the Declaratory Relief sought, and

27. an appropriate sanction against the Defendants as the Court sees fit, and

28. Enter such other further relief to which the Plaintiff may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

## DEMAND FIR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure, Plaintiff hereby demands a jury trial on all issues so triable.

Dated this 6th day of May, 2022.

I swear, under Penalty of Perjury, that the above information is true and correct to the best of my knowledge.

*[Signature]*
Lonnie Washburn
ATTORNEY PRO SE
3098 S. Highland Dr. STE 101
Salt Lake City, UT 84106
Tel.: (801) 548-6884
collinlongshanks@gmail.com

# CERTIFICATE OF SERVICE

I certify that I mailed a true and correct copy of the attached PETITION FOR DECLARATORY RELIEF via U.S.P.S. first class mail, postage prepaid, to the following:

Boy Scouts of America and
Delaware BSA, LLC
1325 West Walnut Hill Lane
Irving, TX 75038

BROWN RUDNICK LLP
David J. Molton, Esquire
Eric R. Goodman
Seven Times Square
New York, New York 10036

Unsecured Creditors Committee
Reed Smith, LLP
ATTN: Kurt F. Gwynne
1201N Market Street STE 1500
Wilmington, DE 19801

Tort Claimants Committee
Pachylski, Stang, Ziehl, and Jones
919 North Market Street STE 1700
Wilmington, DE 19801

Morris, Nichols, Arsht, Tunnell, LLP
Attn: Derek Abbott
1201 N Market Street- 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347

Future Claimants Representative
Kenneth N. Enos
Rodney Square 1000 N King Street
Wilmington, DE 19801

MONZACK MERSKY & BROWDER, P.A.
Attn: Rachel B. Mersky
1201 N. Orange Street, Suite 400
Wilmington, Delaware 19801

Dated this 9th day of May, 2022.



_____

Rodrigo Sagrado, Jr.