**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA, *et. al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |
| LONNIE WASHBURN,<br><br>Plaintiff,<br><br>v.<br><br>BOY SCOUTS OF AMERICA, DELAWARE BSA, LLC, FUTURE CLAIMANTS' REPRESENTATIVE, THE COALITION, TORT CLAIMS COMMITTEE, CREDITOR'S COMMITTEE,<br><br>Defendants. | Adv. Pro. No. 21-51177 (LSS)<br><br>**Re: A.D.I. 63** |

**BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC'S PRELIMINARY RESPONSE AND RESERVATION OF RIGHTS TO PLAINTIFF'S PETITION IN <u>SUPPORT OF DECLARATORY RELIEF</u>**

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dculver@morrisnichols.com
       dabbott@morrisnichols.com
       aremming@morrisnichols.com
       mtalmo@morrisnichols.com
       ptopper@morrisnichols.com

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
       mlinder@whitecase.com
       laura.baccash@whitecase.com
       blair.warner@whitecase.com

May 24, 2022

*Attorneys for Defendants Boy Scouts of America and Delaware BSA, LLC*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300); and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

1.

## PRELIMINARY RESPONSE AND RESERVATION OF RIGHTS

On May 10, 2022, Plaintiff filed the *Petition for Declaratory Relief* (A.D.I. 63) (the "Petition"). On its face, the Petition appears to be a form of complaint in which Plaintiff asserts certain objections to the Debtors' chapter 11 plan (D.I. 9696) (as may be amended, revised, and supplemented, the "Plan"). According to the Petition, the Debtors have violated the "Fair and Equitable standard" and "unfairly discriminated" against Plaintiff by (i) improperly revising the definition of a "Direct Abuse Claim" in the Plan to cover the purported claims Plaintiff asserts in this Adversary Proceeding, and (ii) adding the other defendants in this Adversary Proceeding (together, "Defendants") as "protected parties" under the Plan "in an attempt to indemnify" them from liability for Plaintiff's claims. Pet. ¶¶ 11-12. Plaintiff seeks a declaratory judgment from this Court that Plaintiff's "claim" related to the Adversary Proceeding is a "Non-Abuse Litigation" claim and "that none of the Defendants are classified as Protected Parties" with respect to that claim. *Id.* ¶ 25.

Although the Petition appears to be a form of complaint, Plaintiff has not filed a further motion to amend or supplement his First Amended Complaint (A.D.I. 5) (the "FAC") in this Adversary Proceeding, nor has he filed any other form of motion to accompany the Petition. Accordingly, Plaintiff has not presented any grounds to amend or supplement the FAC. More importantly, the Petition appears to articulate an improper objection to the Plan, which is both untimely and inappropriately filed in this Adversary Proceeding.[2] Despite Plaintiff's repeated attempts to assert his objections to the Plan in this Adversary Proceeding, it is simply not the correct forum for Plaintiff to raise his objections to the Plan. Moreover, should the Court

---

[2] The exact objections to the Plan that Plaintiff raises in the Petition are unclear, but Plaintiff previously filed an objection (by the established deadline of February 25, 2022) to the Plan in the main bankruptcy case that seems to raise similar objections that he asserts in the Petition.

2.

confirm the Plan, it will render the Petition moot because whatever allowed claims Plaintiff has will be classified and treated in accordance with the definitions and procedures set forth in the confirmed Plan.

Counsel to the Debtors conferred with Plaintiff two days after Plaintiff filed the Petition in order to better understand an appropriate form of response to the Petition. The Debtors understand from Plaintiff that he filed the Petition to prompt the Court to address his belief that the Plan misclassifies his claims in the Adversary Proceeding as Direct Abuse Claims and forecloses the relief he seeks in this Adversary Proceeding. Given the procedural deficiencies with the Petition, the pendency of the motions to dismiss and Plaintiff's motion to supplement, and that confirmation of the Plan is currently under advisement by the Court, the Debtors have expressed their view to Plaintiff that a status conference with the Court is necessary to understand the best way to proceed without burdening the Court with unnecessary briefing or other motion practice. Accordingly, a status conference on the Petition is scheduled to go forward at the hearing scheduled for May 25, 2022, at 2:00 p.m. (ET). Following the status conference, the Debtors will proceed in connection with the Petition however the Court desires.

Out of an abundance of caution, the Debtors file this preliminary response (this "Preliminary Response") to the Petition to the extent that it is construed as a motion. The Debtors expressly reserve the right to amend, modify, or supplement this Preliminary Response, and to file any further or supplemental motion, objection, response, or pleading, including any supplement to this Preliminary Response, in connection with the relief sought by the Petition.

|  |  |
|---|---|
| May 24, 2022<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Matthew O. Talmo*<br>Donna L. Culver (No. 2983)<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Matthew O. Talmo (No. 6333)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>Telephone: (302) 658-9200<br>Email: dculver@morrisnichols.com<br>          dabbott@morrisnichols.com<br>          aremming@morrisnichols.com<br>          mtalmo@morrinsichols.com<br>          ptopper@morrisnichols.com<br><br>- and -<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br><br>- and -<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, IL 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>          mlinder@whitecase.com<br>          laura.baccash@whitecase.com<br>          blair.warner@whitecase.com<br><br>*Attorneys for Defendants Boy Scouts of America and Delaware BSA, LLC* |